GEORGE E. HOARE, plaintiff in error, *vs.* ADDISON S. HARRIS, defendant in error.

*Error to Jasper.*

In chancery the real parties in interest should be parties to the proceeding.

A bill to enforce the rights of infants should be filed in their names by their guardian or next friend.

Although our statute may give to guardians the control of suits, it makes no change as to the parties to the suit.

When a decree is entered, directing a trustee to convey to the *cestui qui trust,* only a special warranty should be required against his own acts.

Bill in chancery by Harris against Hoare. Heard at October term, 1849, by Harlan, Judge, on pleadings and proofs. A decree was entered for complainant, to be relieved from which decree, Hoare sued out this writ of error. The facts of the case are sufficiently stated in the opinion.

W. H. UNDERWOOD and HOARE, in person, for plaintiff in error.

C. H. CONSTABLE, for defendant in error.

Opinion by Mr. Justice CATON:

Although we are satisfied that this record shows a meritorious case in favor of the wards of the complainant, yet several of the errors are well assigned. The first objection, which goes to the foundation of the whole proceeding, is a want of proper parties, and this objection is well taken. The bill is filed by Harris as guardian, to compel the conveyance of a town lot to his wards; which it is shown is held by the defendant in trust for them; and the decree is, that the conveyance shall be made to the infants. Authorities are hardly required to show that, by the well established rules of chancery law, the bill should have been filed in the name of the wards, by their guardian or next friend. But the counsel for the defendant in error argues, that this rule has been changed by sec. 4, chap. 47, Rev. Stat.; which is as follows: " Guardians, by virtue of their office as such, shall be allowed in all cases to prosecute and defend for their wards." While this section may give the control of the proceeding to the guardian, it makes no change as to the parties to the suit. As formerly, the proceeding must still be conducted in the names of the parties really interested, as much as if they were adults. Only by making them parties, could they be bound by the adjudication. Had this bill been dismissed upon the merits, it could not be interposed as a bar to another suit commenced in the name of the infants, for the same purpose. This case presents the anomaly of a bill filed by one, and relief granted to others. This cannot be tolerated, although the complainant professes to act on behalf of the others. Bradly *vs.* Amidon, 10 Paige, 239. Harris files the bill, and describes himself as " guardian of and for " the wards. This is but a description of the person, and leaves him individually liable for the costs. Harris being the

sole complainant, and the bill not showing him entitled to relief, must necessarily be dismissed.

It may not be improper, however, to notice briefly some of the other errors assigned. The decree should have been interlocutory and not final. Had the bill been filed by the proper parties, it would have been right to determine that the legal title was held by the defendant, in trust for the infants, and then a reference should have been made to a master, to take and state an account of the rents and profits received by the defendant, as well as of the necessary disbursements made by him, for taxes and otherwise, including the amount of redemption paid by him, with interest. And, also, to ascertain and report whether it was necessary to sell the interest of the infants; and, upon the coming in and confirmation of the report, a final decree could have been made. Or it would have been proper for the Court to have heard the proofs, and ascertained all these facts itself, had it thought proper; preserving the proofs in the decree as laid down in the case of McClay *vs.* Norris, 4 Gilman, 370.

The decree improperly requires the defendant to execute a general warranty deed. Only a special warranty should have been required against his own acts. As one of the objects of the bill was to subject the interest of the infants to sale, to raise the necessary funds to pay what was due to the defendant, it was unnecessary that the money should have been brought into Court, as is ordinarily required. Smith *et al. vs.* Sackett *et al.*, 5 Gilman, 534.

The decree of the Circuit Court must be reversed, and the bill dismissed at the complainant's costs, without prejudice.

*Decree reversed.*