JAMES SWIFT, by his Guardian, Mary A. Broadstone, *et al.*

*v.*

ISRAEL YANAWAY.

*Filed at Springfield October 30, 1894.*

1. JURISDICTION—*of the person in chancery—findings of decree conclusive.* The findings of a court of general jurisdiction that it has jurisdiction, and the process by which jurisdiction was acquired, cannot be contradicted by evidence outside of the record, in a collateral proceeding.

2. FRAUD—*not presumed, but may be proved by circumstances.* Fraud will not be presumed, but proof of it may be made by facts and circumstances which raise the inference that it was perpetrated.

3. SAME—*consent of guardian to decree does not establish.* The bare fact that the guardian of an heir owning an interest in lands consents to a decree of foreclosure for an agreed amount, does not establish fraud on the part of the guardian.

4. JUDICIAL SALE—*innocent purchaser at, protected.* The title of one purchasing land at a foreclosure sale, in good faith and for value, is protected, even though there was gross error and fraud by others in procuring the decree and sale.

5. LACHES—*renders clear proof necessary.* Long delay by heirs in attacking the title of a purchaser at a foreclosure sale on the ground of fraud, even when not a positive bar, justifies a court in requiring very clear proof.

6. PARTIES—*infant owner, not his guardian, necessary in partition.* The guardian of a minor cannot sue in his own name for the partition of his ward's land, describing himself as guardian; and a sale of land under a decree in such a suit, the minor not being a party, is void as to such minor.

WRIT OF ERROR to the Circuit Court of Cumberland county; the Hon. WILLIAM C. JONES, Judge, presiding.

Mr. S. S. WHITEHEAD, for the plaintiffs in error:

The alleged partition was void, because procured by one having no interest or claim in the premises. *Hoare* v. *Harris,* 11 Ill. 25; *Bowles* v. *McAllen,* 16 id. 30; *Smith* v. *Brittenham,* 109 id. 540.

An infant is entitled to every benefit which can be taken by exception to a bill, although he does not expressly make the exception. Story's Eq. Pl. sec. 872.

Failure to interpose the defense of *laches* in behalf of an infant, in a proper case shown by decree, is error. A decree against infants is absolute in the first instance, subject to attack by original bill for fraud or error. *Lloyd v. Kirkwood*, 112 Ill. 339.

Equity will relieve from a contrivance by which it appears proper service had been had when there was no service as intended by the law, especially where the parties affected do not really know what has been done against them. *Owen v. Ranstead*, 22 Ill. 161; *Davis v. Dresback*, 81 id. 395; *Colson v. Leitch*, 110 id. 509; *Sibert v. Thorp*, 77 id. 43.

The statute must be complied with, or there can be no jurisdiction. *Reitz v. People*, 77 Ill. 518; *Harting v. Harting*, 8 Ill. App. 156.

Having claimed the lands described in the alleged deed by placing the deed on record and by exercising ownership over the land, Gilfillan was estopped from afterwards claiming that the deed was a mortgage. *Bank v. Godfrey*, 23 Ill. 579.

The sale by the master in the name of Gilfillan, as complainant, more than a year after Gilfillan died, was absolutely void. *Brown v. Parker*, 15 Ill. 307; *Settler v. People*, 43 id. 188; *Laflin v. Herrington*, 16 id. 301; *Clingman v. Hopkie*, 78 id. 152.

Mr. N. L. Scranton, and Mr. A. P. Brady, for the defendant in error:

Yanaway was an innocent purchaser, at public sale made in pursuance of a decree, and has been in possession, paying all taxes, for a period of twenty-six years, and we insist that the dismissing of complainants' bill was proper in these premises. *Wadhams v. Gay*, 73 Ill. 415; *Sibert v. Thorp*, 77 id. 43.

Mr. Justice Shope delivered the opinion of the court:

This was a bill in equity, in the circuit court of Cumberland county, brought by James Swift, Mary A.

Broadstone, Susannah Morelock and Elizabeth Stangle, complainants, against Israel Yanaway, defendant, to remove as a cloud upon complainants' title to certain lands certain deeds held by the defendant, upon the ground of fraud and irregularities in the proceedings upon which said deeds are predicated, to require an accounting by the defendant for rents and profits, and for partition of the lands among the complainants, as heirs-at-law of James Swift, Sr., deceased. The cause was submitted upon bill, answer and proofs, and a decree entered dismissing the bill for want of equity. To reverse this decree a writ of error was prosecuted by the complainants below.

The question presented is, whether the court below decreed correctly in dismissing complainants' original and amended bills. It is insisted by plaintiffs in error that the decree of the circuit court of Cumberland county, rendered February 21, 1876, in the cause therein then pending, wherein James Gilfillan was complainant, and the plaintiffs in error, and Leonidas L. Logan, administrator of the estate of James Swift, deceased, were defendants, and under which the eighty-acre tract of land belonging to the estate of said James Swift, deceased, and mentioned in the bill herein, was sold, was void.

It appears that in 1867 James Swift died in Clay county, Indiana, seized in fee of the east half of the south-east quarter of section 36, township 11, north, range 10, east, containing eighty acres, and also the south half of the south-east quarter of the north-east quarter of section 7, in the same township and range, containing twenty acres, more or less, all in Cumberland county, in this State, and that he left surviving him, plaintiffs in error, James Swift, Jr., Mary A. Swift, (now Mary A. Broadstone,) Susan Swift, (now Susan Morelock,) and Lizzie Swift, (now Lizzie Stangle,) as his children and only heirs-at-law. In his last illness, which was of long duration, said Gilfillan was his attending physician, and in

order to compensate the latter for services rendered, and food, nourishment and care for himself and family, Swift, then a widower. executed to said Gilfillan a warranty deed to all his land in Cumberland county, Illinois, intending to include said eighty-acre tract of land, to operate by way of mortgage, as security for Gilfillan's claim. After the decease of Swift, Gilfillan filed his claim against his estate in the Common Pleas Court of Clay county, Indiana, and such proceedings were had that an allowance thereof in the sum of $1696.20 was made and entered by said court. Subsequently, and on October 21, 1870, Gilfillan filed a transcript of said allowance in the county court of Cumberland county, Illinois, and asked that the same be allowed against the estate of said James Swift, deceased, in said county. Upon hearing, the Cumberland county court allowed the same, with interest, amounting to $1775.82, and entered the usual order for its payment in due course of administration. Afterwards, Gilfillan filed his bill in chancery to the August term, 1873, of the Cumberland county court, against the plaintiffs in error, George S. Henderson, their guardian, and the administrator of Swift's estate in Cumberland county, in this State, setting up the deed from Swift, seeking reformation thereof in the description of the land, and for foreclosure of the same as a mortgage. The bill set up the allowance to the complainant by the county court of Cumberland county of $1775.82, alleged that said deed was a mortgage to secure the same, and sought to foreclose upon all the land of Swift in Cumberland county, aggregating one hundred and twelve acres.

It appears from the findings of the decree in that cause, that the defendants George S. Henderson, guardian, Leonidas L. Logan, administrator of the estate of James Swift, deceased, and the plaintiff in error James Swift, "were each duly served with summons, personally served upon each of them ten days before the first day" of the term of court at which the decree was entered, and

that the defendants Susannah, Mary and Anna Swift were served with notice of the pendency of the suit by publication in a newspaper of general circulation in Cumberland county, for the length of time and in the manner, "in all respects, as provided by statute," setting out in detail the course pursued in making such publication, etc. The decree also finds that James, Susannah, Mary A. and Anna Swift were all infants, that defendant George S. Henderson, their legal guardian, filed answer for his said infant wards to said bill, but Henderson, as to himself and the administrator of the estate, made default. It is also found the cause was tried upon the bill, the answer of the defendants by their guardian, the exhibits and proofs, and that the allegations of the bill are true in substance ; that the deed made by James Swift in his lifetime, to complainant, although absolute on its face, was, in fact and in equity, a mortgage to secure the money due from Swift to the complainant, and the complainant is entitled to the decree of foreclosure thereon for the amount due. It is further found that by stipulation of the parties the amount due complainant was $500, and that the guardian in charge of the estate had consented and agreed to pay $300 December 25, 1876, and $200 December 25, 1877, and to pay costs, etc. It is then ordered and decreed that Henderson, as guardian, etc., pay said sum of money to the complainant in the amounts and at the times respectively above specified, and certain of the costs, etc.; that said deed is a mortgage, and that upon default in making said payment said one hundred and twelve acres of land therein described, and of which the eighty-acre tract before mentioned was a part, or so much thereof as may be necessary for the purpose, be sold to pay the amount due complainant and the costs, etc., and prescribing the time and manner of such sale, etc.

Numerous questions are raised by counsel for plaintiffs in error as to the validity of this decree. In respect to most of these objections, which it will be unnecessary to

enumerate, it is sufficient to say that they form no basis for a collateral attack upon the decree. If the bill was insufficient or defective, or if there was a variance between the allegations of the bill and the findings and orders of the court, so that they were not warranted either by the fact or the law, they were subject to correction in a direct proceeding. The bill in this case is not a bill of review between the parties to the original record, but both in its frame and prayer seeks simply to remove the deed to Yanaway as a cloud upon complainants' title, to charge him with rents and profits and for waste, and for partitioning the lands between the complainants.

It is, however, insisted, that the court had no jurisdiction of the persons of the plaintiffs in error, and the decree was therefore void. It has been repeatedly held by this court, and such is the general doctrine, that where a court of general, superior jurisdiction, by its decree, finds that it has jurisdiction, such finding, upon its decree being collaterally attacked, will be conclusive, unless it be irreconcilable with the facts disclosed upon the record. (*Harris* v. *Lester*, 80 Ill. 307; *Senichka* v. *Lowe*, 74 id. 274.) By personal service of summons, voluntary appearance, or by proper publication of notice in conformity with the statute, the court must and may obtain jurisdiction of the parties. When the record shows or the court finds the jurisdictional facts, such finding will not be questioned in collateral proceedings. (*Osgood* v. *Blackmore*, 59 Ill. 261; *Goudy* v. *Hall*, 30 id. 109; *Wing* v. *Dodge*, 80 id. 564; *Searle* v. *Galbraith*, 73 id. 269.) And where the court recites, and finds in its decree, the process by which the court acquired jurisdiction, it will be sufficient to establish the fact that it was thus acquired. (*Bowen* v. *Bond*, 80 Ill. 351; *Hobson* v. *Ewan*, 62 id. 146; *Donlin* v. *Hettinger*, 57 id. 348; *Miller* v. *Handy*, 40 id. 448.) So it has accordingly been held, that a finding by the court, in its decree, that notice by publication had been given in the time and manner essential to the acquisition of jurisdiction, will be conclusive, and

cannot be contradicted, in collateral proceedings, by evidence *dehors* the record. *Barnett* v. *Wolf*, 70 Ill. 76; *Botsford* v. *O'Conner*, 57 id. 72; *Finch* v. *Sink*, 46 id. 169; *Moore* v. *Neil*, 39 id. 256; *Van Matre et al.* v. *Sankey*, 148 id. 536.

It appearing the court had jurisdiction of the parties and subject matter, the final order or decree of the court cannot be collaterally impeached for mere error. *People* v. *Seelye*; 146 Ill. 189, and cases *supra*.

The records in the former case were destroyed by the burning of the court house of Cumberland county in 1885, and no proceeding has ever been instituted to restore the records so lost and destroyed, and no attempt is made in this proceeding to that end, and there is no record remaining in said cause by which the findings of the decree may be contradicted or impeached, and it follows that in absence of such proof such findings are conclusive upon the question of jurisdiction.

It is also insisted that there was collusion and fraud between Henderson, the then guardian of the plaintiffs in error, and said Gilfillan, in procuring said decree. It is fundamental doctrine that fraud will not be presumed, but must be proved. True, fraud can rarely be established by direct evidence, and must ordinarily be proved by facts and circumstances shown which raise the inference that fraud was perpetrated. A careful examination of this record has wholly failed to convince us of the existence of the alleged fraud. The bare fact that the record discloses that by agreement of the guardian and Gilfillan the decree was rendered for $500, to be paid in installments of $300 and $200, is, in view of the fact shown, insufficient to raise the inference that it was fraudulently done. If entitled to the decree foreclosing the deed as a mortgage, to which the court found he was entitled, no reason is apparent why Gilfillan should not have obtained a decree for the full amount of the allowance by the county court of Cumberland county. That he consented to take a decree for less, rather rebuts than raises an infer-

ence that he sought to overreach or obtain an unconscionable advantage in that proceeding. It is sufficient to say, upon the whole record, it does not appear that fraud, such as ought, under the rules of chancery practice, impeach or set aside the decree, is shown. More especially must this be held in view of the fact that the defendant in error, Yanaway, so far as appears by this record, was a *bona fide* purchaser at the sale subsequently made under such decree. There is, as we think, a total failure to connect him with any fraud or collusion in the procurement of the decree, or in making the sale thereunder. Yanaway being, as we must hold, a purchaser of said eighty-acre tract of land in good faith and for value, can not be disturbed or divested of his title, even though gross error and fraud by others intervened in the procurement of the decree and sale. *Sibert* v. *Thorp*, 77 Ill. 43; *Wadhams* v. *Gay*, 73 id. 415.

It is true, the bill alleges that defendant in error was in collusion with Henderson and Gilfillan, and charges him with notice of the fraud, but it must be said that the evidence adduced in support of the charge is as reconcilable with good faith and want of notice as with fraud and collusion. The equities of the case are with Yanaway, who, upon the faith of the title acquired by sale under the decree sought to be attacked, paid his money, and has been in possession of the land since 1878 or 1879 without molestation, paying all taxes assessed against the land since he acquired title under said decree and sale, including back taxes from the year 1866. Moreover, it appears that at the time of the rendition of the decree in the former case at least two of the plaintiffs in error, Susannah Morelock and Mary A. Broadstone, had reached their majority, while Lizzie and James, plaintiffs in error, were at that time, respectively, of the ages of seventeen and ten years. The evidence shows that Henderson, as their guardian, acquainted them with the matter and subject of the Gilfillan litigation, and that at least the adults

understood it. More than ten years elapsed since the rendition of the decree upon which Yanaway's title to the eighty-acre tract rested, without the validity of such proceedings being questioned. Moreover, in 1882 they were made parties defendant, as will be hereafter seen, in respect to other lands belonging to the estate and lying in the same county, and failed to question the good faith of Henderson, as their guardian, in respect of said estate, until the bringing of this suit, in February, 1886, although all of them had, with the exception of James Swift, Jr., arrived at full age long prior to that time. Without pausing to determine whether they are barred by *laches*, it is sufficient to say, that after the delay the court would be justified in requiring clear and satisfactory proof of the existence of the alleged fraud by which it is sought to impeach the defendant in error's title.

We are of the opinion that as to the eighty-acre tract of land mentioned in the bill the decree dismissing the bill was properly entered.

As to the twenty-acre tract mentioned in the bill a different conclusion should be reached. In February, 1882, "George S. Henderson, guardian of James Swift, Jr.," brought his bill in the circuit court of Cumberland county, against "Mary Broadhead, Susannah Morelock and Anna Stangle," for partition of said twenty-acre tract of land. The discrepancy between the names of the defendants and those of the plaintiffs in error, or the effect of such misdescription, need not be here noticed. In this case the record and files were also destroyed by the fire, as before mentioned, except the decree for sale. It appears from the findings of that decree that the commissioners appointed to make partition of the land therein described, being the said twenty acres, reported that the same was not susceptible of division, without, etc., and that they placed the value of said land at $206. It was thereupon decreed that the master in chancery, after first publishing a notice of the sale of said premises in a newspaper

in the county, of general circulation, giving the time and place of such sale, etc., and the posting of five notices thereof, etc., should sell the land at the court house door in said county to the highest bidder, for cash in hand, and make the purchaser a good and sufficient deed of conveyance therefor, and it was then decreed that "out of the proceeds pay the cost of  *  *  *  suit, including an attorney's fee of $20 to the complainant's solicitor, and pay to said N. L. Scranton said sum of $75 heretofore found due him," etc., and ordered the residue to be paid, one-quarter to the complainant for his ward, James Swift, Jr., and a quarter to each of the defendants, etc. Defendant in error, Yanaway, became the purchaser of said land at the sale subsequently made pursuant to said decree.

Without discussing the many questions raised in respect to this second proceeding, it seems clear that the decree is void upon its face. It appears from the entitling of the cause, as well as by the decree itself, that the suit was brought by George S. Henderson, as a party in interest. James Swift, Jr., who, presumably, was the owner of the land and the real party complainant, is not made complainant, but Henderson, who had no interest in the estate, was complainant in such proceeding. It is true there is attached to his name the *descriptio persona* of "guardian of James Swift, Jr." Without extending this opinion, it is clear from the record that there was here want of a proper party complainant, and while the record of the cause, or the title thereof, may, at the proper time, be amended as to the parties, on leave, no such step having been taken the proceedings and decree are ineffectual to pass the title of the ward, or estop him from asserting his title on arriving at full age. (*Hoare* v. *Harris,* 11 Ill. 24; *McDonald* v. *Brown,* 16 id. 32.) In the cases cited, it was held that a suit brought by a guardian in the manner above shown was not a suit by the ward, and did not bring him into court as a party. (See, also, *Smith* v. *Brittenham,* 109 Ill. 540.) In this case, as in the others, no attempt

has been made to restore the files or the record, and without the preceding orders it does not appear that the court was either authorized to order the sale of the premises, or to make distribution of the proceeds decreed by the court. Nor does it appear that the court had acquired jurisdiction over the person of either the plaintiff in error James Swift or of the defendant in this proceeding, or other plaintiffs in error here. Moreover, it does not appear that the court was authorized to require the payment of $75 to a person apparently an entire stranger to the proceedings, to whom it was not shown the owners of the land were indebted, or who, it was pretended, had any lien upon the lands of the plaintiffs in error. Without extending this discussion, we are of opinion that the decree, as rendered in said proceeding at the suit of Henderson, was unauthorized and void, and that the court therefore erred in dismissing the bill as to that tract of land.

Numerous other questions are presented, but their consideration would be of no avail.

For the reason stated, the decree of the circuit court in dismissing the bill as to said twenty-acre tract of land will be reversed, and the cause remanded to that court for further proceedings. In all other respects the decree is affirmed.

*Decree affirmed in part and reversed in part.*

Mr. JUSTICE WILKIN took no part in the consideration and decision of this case.