## Elizabeth G. Stevenson, Adm'x, v. N. J. Scofield.

1. DEMAND—*Before Bringing Suit.*—The beginning of a suit, or the filing of a claim against an estate is all that the law requires by way of demand for payment of a promissory note.

2. EXCEPTIONS—*How Taken and How Preserved.*—Where the court ordered an attorney to take the stand to testify, and the attorney replied that he wished to interpose an objection, and, if the court overruled it, to have the record show an exception, *held*, that this was merely anticipatory and not sufficient as an exception.   Exceptions can not be preserved in advance of the ruling.

Claims in Probate.—Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1898.   Affirmed.   Opinion filed December 23, 1898.

GEO. W. HALL, attorney for appellant.

ROSENTHAL, KURZ & HIRSCHL, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.
From an allowance by the Probate Court of a claim filed
by appellee against the estate of appellant's intestate, an
appeal was taken to the Circuit Court, where, upon the ver-
dict of a jury, the judgment now appealed from, for $354,
was recovered.

The claim was based upon a promissory note made by
George Stevenson, the intestate, for $200, dated October
22, 1887, payable to the order of appellee, ten days after
date, with eight per cent interest.

The note is called by appellant, in the brief of her coun-
sel, "an alleged note," but we fail to discover any defense
to it, that was attempted below or is here pointed out,
going to a denial of the genuineness of the note.

Although much obscured by the prominence given by
appellant's brief to objections to occurrences and rulings at
the trial, the defense, upon the merits, seems to be confined
to a claim by way of recoupment or set-off, for the use and
occupancy by the appellee, subsequent to the date of the
note, of certain premises claimed to belong to the intestate
in his lifetime.

If the appellant had been permitted by the trial judge
to show, by introducing in evidence an amended bill in equity,
the decree and master's deed thereunder, in a chancery
cause, wherein appellant as widow, and certain other persons
as heirs at law, of the said George Stevenson, were parties
ties complainant, and the appellee, her husband, and their
daughter, one Belle Scofield, were defendants, it would have
appeared that, during the whole period covered by the
claimed use and occupation, the said Belle Scofield held the
absolute legal title to two of the pieces of real estate occu-
pied by appellee, in secret trust for the said George
Stevenson.

It is manifest without discussion, that under such circum-

stances the appellee would not be accountable at law to either the said George Stevenson, or the appellant, as his administratrix, for the mere use and occupation of premises the title to which was in another, and hence such use and occupation was not a proper subject of recoupment or set-off in this suit.   There was no error in excluding such offered evidence.

As to the occupation by appellee, for about two years, beginning in 1887, of a flat owned by George Stevenson, it appeared upon the examination by appellant of a witness called in her behalf, that it was occupied by appellee under a written lease, and no attempt was made to produce such lease or to account for its absence.   The mere fact that the same witness testified as to the agreed rental to be paid for the flat did not obviate the necessity of introducing the lease itself in evidence, for the purpose of sustaining recoupment or set-off to the extent of unpaid rent.   For aught that was made to appear, the lease itself may have provided for numerous things in satisfaction of the stipulated rent; and no showing was made that the rent was not satisfied. There is a strong inference to be drawn, from lapse of time, and the proved removal to, and subsequent occupation by appellee of the other premises claimed to be the property of George Stevenson, that the rent had been satisfied. Upon the merits there can be no question but that the judgment was right.

There was no error in the instructions given or refused. What we have said covers most of the assigned errors in such respects.

In regard to the assigned error because the court modified an instruction which singled out by name one of the witnesses, and directed the jury that they were not bound to take the testimony of such witness as absolutely true, etc., the rule is too familiar to require citation of authority, that the singling out of one witness or of one particular circumstance in evidence, is not permissible in an instruction by the judge upon the law of a case.   The credibility of witnesses is for the jury, and the court should never, by sing-

ling one out of several, stamp such witness with his implied disapproval or disbelief.

The fact that payment of the note does not appear to have been demanded of George Stevenson in his lifetime, although it stood long overdue, is not material.

The beginning of suit, or in this case the filing of a claim against the estate of the maker, was all that the law requires by way of demand of payment of a promissory note.

The trial judge, upon his own motion, required the attorney for appellant, by a threat to send him to jail if he refused to testify, to take the stand and testify as to whether upon the trial in the Probate Court any contest was made by the estate as to the signature of George Stevenson to the note in question. There was no exception taken to such action by the court, and we can not consider it.

The record shows that when the court told the attorney to take the stand, the attorney said he wished to interpose an objection, and, if the court overruled his objection, he wished to have the record show an exception. This was merely anticipatory. Exceptions to rulings of the court can not thus be preserved in advance of the ruling.

After further colloquy between court and counsel, culminating in a threat by the court to send the attorney to jail if he refused to testify, the attorney requested " to have the record show that I testify under protest." The attorney was then sworn as a witness, and answered the questions put to him by the court without any further attempt to except to the ruling. The record preserves nothing in such regard that this court can consider.

The verdict and judgment being so clearly right, under the evidence, we will omit discussion of other errors assigned, involving matters which, if errors, were not prejudicial to an extent sufficient to justify a reversal. The judgment is affirmed.