## Catharine Mortimer v. Lillie L. McMullen.

102    593
a202s 413

1.  FRAUD AND DECEIT—*As a Defense, Must Be Proved by the Party Setting It Up.*—A party setting up fraud and deceit assumes the burden of proof.

2.  SAME—*Shifting Ground upon the Hearing—Chancery Practice.*— A party is not allowed to shift his ground upon the hearing of his suit.

3. FRAUD—*Not Sufficient to Charge Fraud Generally.* —It is not sufficient to charge fraud in a general manner; the acts constituting it must be alleged.

4. RESCISSION OF CONTRACTS— *Parties Should Act Promptly.* —A party who desires to rescind a contract upon the ground of fraud, imposition. undue influence or coercion, should act promptly upon discovery of the facts by reason of which the rescission of such contract is desired.

Foreclosure.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Mr. Justice FREEMAN dissenting. Opinion filed July 2, 1902.

A. K. MANNING, attorney for appellant; HARVEY B. HURD, of counsel.

CHARLES M. MACLAREN, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Appellee filed in the Circuit Court her bill to foreclose a mortgage, made by appellant, to secure her note bearing date July 28, 1898, for $2,610, payable to Martin D. and Milton D. Jones one year after date, with interest at seven per cent per annum. The note recites that it is secured by real estate in Cook county, Illinois.

Appellant, October 30, 1899, answered, denying that she made either the note or the mortgage described in the bill.

April 16, 1901, appellant filed an amended answer in which she set up that the said note and mortgage "were procured from her by fraud, circumvention, undue influence and surprise."

Appellant also filed a cross-bill in which she set up that the note and mortgage were obtained from her by surprise, fright, duress and perfidy, and that "she did not know what papers she signed, but whatever she did sign was through fear and despair and to get rid of said Jones brothers and their lawyer and their torture." Appellant, by her cross-bill, prayed that all evidence of indebtedness against her be canceled upon payment by her of $300. The cross-bill having been answered the cause was referred to a master to take testimony and report. The master's report was filed March 22, 1901. The master found

that appellant, being, July 28, 1898, indebted to Martin and Milton Jones, executed to them the note and mortgage described in the bill filed by appellee; that before the maturity of the note the payees thereof sold the same to appellee for the full value of the same then paid by said appellee to Milton and Martin Jones; that the claim of appellant that she was induced by fraud and duress to sign said note and mortgage is not sustained by the evidence, and that the prayer of the cross-bill should be denied and the prayer of the complainant in the original be granted.

The evidence abundantly sustains the findings of the master. Fraud and duress must be proven by those who allege them. Merchants National Bank v. Lyon, 185 Ill. 343; Schroeder v. Walsh, 120 Ill. 403; Swift v. Yanaway, 153 Ill. 197.

The note and mortgage executed by appellant June 28, 1898, upon which the suit to foreclose was brought, it is now undisputed were given in consideration of the release of a judgment against appellant amounting to the sum for which the note was made.

The principal argument of appellant is that she was induced by fraud to make the notes which formed the consideration of the judgment entered against her; that this fraud consisted in a misrepresentation as to the use to which two notes, one for $1,000, and one for $1,500, signed by her, were to be put; she understanding that the notes were to be devoted to the purchase for her nephew from the Jones brothers, of an interest in a drug store, whereas they were used to satisfy the Jones brothers' claim against her nephew for money by them loaned to him, because of embezzlement by him.

It is, perhaps, sufficient to say, that no such fraud is set up in either of appellant's answers or in her cross-bill. A party is not allowed to shift his ground upon the hearing. Hickson v. Lombard, L. R., 1 H. of L. 324.

It is not sufficient to charge fraud in a general manner; the acts constituting the fraud must be alleged. Gilbert v. Lewis, 1 De G., J. & Sm. 38; Hallows v. Fernie, L. R., 3 Ch. 467; 9th Ed. Story's Equity Pleadings, Secs. 251–252.

If the matters insisted upon in the brief had been properly alleged, yet they were not established by satisfactory evidence. ·

In the briefs filed on behalf of appellant, coercion and undue influence are said to have been practiced upon her and the mortgage and note in question obtained by such means.

The note and mortgage were executed June 28, 1898. Thereafter, from that date onward, appellant was free from the presence, influence or coercion of the Jones brothers, to whom she had given these papers. Ten months thereafter she was informed by letter from Milton and Martin Jones that they had sold the note and mortgage to Mr. McMullen. After this she received a letter from the purchaser of the security calling attention to the approaching maturity of the note. More than fourteen months after making these papers and thereby obtaining a satisfaction of the judgment against her property, appellant for the first time took any step to set aside or disavow the transaction under which she gave this note and mortgage. One who desires to rescind a contract upon the ground of fraud, imposition, undue influence or coercion should act promptly upon discovery of the facts by reason of which the setting aside is sought. Brady v. Cole, 164 Ill. 116; Naugle v. Yerkes, 187 Ill. 358; same v. same, 83 Ill. App. 310; Means et al. v. Flanagan, 79 Ill. App. 299.

No sufficient excuse for her delay in this regard has been · presented. We find no sufficient reason for setting aside the conclusions of the master and the chancellor.

The decree of the Circuit Court is affirmed.

Mr. Justice FREEMAN dissents.