## LEVI W. YAGGY

### *v.*

## THE CITY OF CHICAGO.

*Opinion filed December 18, 1901.*

1. SPECIAL ASSESSMENTS—*statute conferring jurisdiction by publication must be strictly followed.* Where jurisdiction is to be obtained by a court by means of publishing a notice to parties interested, the statute must be strictly pursued and its provisions complied with or the court will not acquire jurisdiction.

2. SAME—*when court does not acquire jurisdiction.* If a special assessment proceeding is begun under a statute requiring the court to designate a newspaper in which to publish notice of confirmation, and the petitioner obtains an order designating a certain paper, the fact that the statute is amended before the notice is published, so as to make designation by the court unnecessary, does not nullify the order already entered or authorize legal notice to be given in any other paper; nor can the court validate a publication in some other paper, and thereby acquire jurisdiction, by setting aside the order after the publication is made.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

SAMUEL J. HOWE, for appellant.

ROBERT REDFIELD, (CHARLES M. WALKER, Corporation Counsel, EDGAR B. TOLMAN, and WILLIAM M. PINDELL, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On May 31, 1900, the city of Chicago filed its petition in the county court of Cook county for the levy of an assessment to pay the cost of plastering curb walls, grading and paving Blue Island avenue from Ashland avenue and Twenty-second street to South Western avenue, in said city, pursuant to an ordinance passed May 14, 1900. Section 44 of the act concerning local improvements, in force

July 1, 1897, which authorized the proceeding and under which it was begun, provided that the petitioner should cause at least fifteen days' notice to be given prior to the time at which the confirmation of the assessment would be sought, by publishing the same at least five successive days in some daily newspaper of said city to be directed by order of the court. (Laws of 1897, p. 117.) On the same day that the petition was filed, the court, in pursuance of said provision, on motion of the attorney for petitioner, entered the following order: "It is ordered by the court that *Chicago Democrat* be and is hereby designated as the daily newspaper published in the city of Chicago in which publication of the special assessment notice in this proceeding required by law to be given, and it is hereby ordered that said publication be made in the said *Chicago Democrat* in accordance with law." No notice was published in said newspaper so designated by said order for the giving of notice. On July 12, 1901, the cause came on to be heard in the county court, and appellant entered his special appearance for the purpose of questioning the jurisdiction of the court on the ground that publication of notice had not been made as required by law, and for no other purpose whatever. Petitioner offered evidence of the publication of a notice for five successive days, commencing June 4, 1901, in the *Daily Labor World*, a daily newspaper printed and published in the city of Chicago. Appellant objected to the publication and proof thereof, and his objection was overruled, to which ruling he excepted. The court, on motion of petitioner, vacated and set aside said order of May 31, 1900, directing publication in the *Chicago Democrat*. On July 13, 1901, the court overruled the objection of appellant, and he preserved an exception, and thereupon refused to further participate in the hearing of the cause on the ground that the court had no jurisdiction to try it. His default was entered, and on July 23, 1901, the court submitted to a jury the question of benefits. On a finding by the jury

for the petitioner the assessment roll was confirmed by the court. During the term at which judgment was rendered, appellant entered his motion to set aside the judgment on the ground the court had no jurisdiction. The motion was overruled and exception taken, and this appeal followed.

Notice was not published in accordance with the statute in force at the time the proceeding was begun and the order for publication in the *Chicago Democrat* was made, but it is claimed that the court acquired jurisdiction by the publication of notice in another newspaper under the provisions of an amendment of the statute enacted after the order was made. Section 44 was amended by an act approved and in force May 10, 1901, by omitting the provision that the newspaper in which notice was to be published should be designated by order of the court. (Laws of 1901, p. 108.) Section 99, as amended by the amendatory act, contained this provision: "Where proceedings for local improvements to be made by special tax or special assessment shall have been instituted when this act shall take effect, and where the assessment provided for therein has not been confirmed by any court, all future proceedings thereunder shall be as herein provided, with the same effect as if such proceedings had been commenced in accordance with the provisions herein provided." It is contended that the amendment and this provision set aside and nullified the order of the court directing the publication in the *Chicago Democrat*, and that the petitioner might publish the order wherever it chose.

It is the rule that where jurisdiction is to be obtained by a court by means of publishing a notice to parties interested, the statute must be strictly pursued and its provisions complied with. Unless that is done the court will be without jurisdiction to hear the cause or enter judgment. (*McChesney* v. *People*, 145 Ill. 614; *Kearney* v. *City of Chicago*, 163 id. 293.) This proceeding was begun

under the statute which authorized the court to obtain jurisdiction by giving certain notices, among which was the notice to be published in a newspaper to be directed by order of court. Having filed its petition, the petitioner took the preliminary steps under that statute by procuring an order for the publication of notice in the *Chicago Democrat.* After that step had been taken, but before the notice was published, the law was so changed that as to future proceedings the newspaper need not be designated by order of the court. But the publication was to be the same as under the act before the amendment, so that it would not be inconsistent with the provisions of the amendatory act to publish the notice in the *Chicago Democrat* in pursuance of the order. Although the petition had been filed, if no order had been made the publication might have been made in some newspaper without an order. But the amendatory act had no effect to set aside or nullify the order properly made under the law in force when it was entered. It was not set aside or vacated by the court, but continued to be a legal and valid order in the case, binding upon the petitioner which procured it. Inasmuch as the order was in no manner inconsistent with the amendatory act, it had the same force and effect in this case as if the act had not been passed. The county court could not validate a publication illegal and in violation of its order when made by subsequently setting aside the order with which it conflicted and thereby obtain jurisdiction. The county court did not acquire jurisdiction by publication of the notice in the *Daily Labor World.* The proceeding has passed beyond the stage at which the medium for giving notice to parties interested had been lawfully determined by the court, in conformity with law, before the amendatory act was passed. The court had exercised its discretion and decided that the *Chicago Democrat* was the proper newspaper to convey notice to the public, and under the amendment the proceeding was taken up at the point which had been reached

when the amendment took effect. That act did not affect what had been done. The objection of appellant should have been sustained.

The judgment of the county court is reversed and the cause remanded.

*Reversed and remanded.*