## John Slattery v. W. Mack Stevens, et al.

### Gen. No. 12,236.

1. INCOMPETENT EVIDENCE—*when admission of, will not reverse.* The admission of improper evidence will not reverse the finding of the chancellor if there is in the record sufficient competent evidence to sustain his finding.

2. JUDGMENT—*cannot be collaterally attacked for mere error.* In the absence of fraud, accident or mistake, injunction does not lie to restrain the collection of a judgment where the question raised by the bill and the evidence is as to whether there was a legal right of recovery.

3. JUDGMENT—*when fraud justifying setting aside, does not appear.* The failure of the plaintiff in an attachment proceeding to make an earnest effort to apprise the defendant of the pendency of an action against him does not constitute fraud such as will justify a court of equity in setting aside a judgment obtained upon regular service by publication.

4. ATTACHMENT—*when publication service in action of, not de-fective.* The jurisdiction of the justice is not destroyed in such an action by the failure of the constable to show in his return at what particular mail box he deposited the notice addressed to the defendant.

5. GARNISHEE—*who cannot complain of judgment against.* The defendant in an attachment proceeding cannot complain of the sufficiency of the answer of the garnishee to justify the entry of the judgment which was rendered against him.

Injunctional proceeding. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed March 6, 1906.

**Statement by the Court.** This is an appeal from an order of the Circuit Court dismissing for want of equity a bill filed in behalf of appellant seeking to restrain collection of a judgment rendered by a justice of the peace.

The bill of complaint sets forth that appellee W. Mack Stevens brought a suit in attachment November 8, 1902, before the justice to recover $200 alleged to be due him from appellant for commissions on the sale of real estate, and that he garnisheed money in the hands of one Ida M. South to the amount of $232.50; that South sent to the justice in response to the summons as garnishee a written statement to the effect that she owed appellant more than $200 to become due October 15, 1903; that judgment was rendered by the justice against appellant November 24, 1902, when it is averred the justice had no jurisdiction of appellant's person or property; that pretended service was had upon appellant by a notice sent by mail to Brooklyn, New York, not addressed to him at any street number, when said Stevens.knew or could have known appellant's actual address; that the street and number were omitted intentionally and fraudulently for the purpose of preventing appellant from having notice of the proceedings against him until the final judgment could be secured and that no actual notice of the pendency of said suit was given him; that he had no knowledge that the suit was pending until the 18th of October, 1903, a year after judgment had been rendered and execution issued against said garnishee,

who herself, with others in the vicinity, knew the correct address of appellant, as Stevens well knew; that the notice sent by mail did not reach appellant; that when October 18, 1903, appellant learned the judgment had been rendered by the justice, the time for appeal as well as the six months allowed by law for suing out a writ of *certiorari* had expired, leaving appellant wholly without remedy in the premises except in a court of equity.

It is averred that the alleged claim of appellee Stevens was for commissions said to be due him for selling property formerly owned by appellant at Maywood, Illinois; that Stevens never made sale of any property for appellant and nothing was due him from appellant; that he was not a real estate agent, cannot rightfully maintain an action in Illinois for commissions, and that appellant has a full and absolute defense upon the merits to Stevens' claim; that said judgment was procured by fraud and that no demand was ever made upon appellant for payment of the commissions claimed. It is further alleged that final judgment was obtained in said suit before the justice November 24, 1902, whereas the money in the hands of the garnishee Ida M. South did not become due until October 15, 1903; that execution was issued by the justice on said judgment against the garnishee the day when her indebtedness to appellant became due; that said execution was illegal and void, because issued in violation of the statute of Illinois providing that execution shall not issue until twenty days after the debt shall become due without the required affidavit, and no such affidavit as the statute requires was made, and that Stevens is insolvent. It is also alleged that the costs were $8.76, whereas the constable garnisheed in addition to the amount of the judgment, which was $200, the sum of $32.50 as costs. Appellant prays for an injunction, that the judgment be vacated and a new trial granted.

The defendant Ida M. South answers admitting the garnishment, states that Stevens inquired of her the address of appellant in Brooklyn, that she told him she did not know it, that she wrote appellant she had been garnisheed, and that

she bought the property in question from appellant on the advice and recommendation of Stevens after she had abandoned the idea of purchasing it. The answer of appellee Stevens denies all material allegations of the bill and need not be particularly stated. The constable Sheridan who is made one of the parties defendant to the bill, answers that he made service by publication according to law and mailed a copy to appellant at Brooklyn, New York, with return card on the envelope, and that the envelope was never returned to him.

CUNNINGHAM & CUNNINGHAM, for appellant.

HORTON & BROWN, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is first urged in behalf of appellant that the chancellor in the Circuit Court admitted improper evidence in behalf of appellees and rejected proper evidence offered on the part of complainant. It is to be presumed that the chancellor considered only such evidence as was competent. If we concede for the sake of the argument that evidence rejected might with propriety have been admitted, it was nevertheless evidence relating to the merits of appellant's defense against the claim of appellee Stevens for which the latter obtained judgment before the justice. This evidence as to Stevens' right to recover is conflicting, and while it may be doubtful whether in fact appellee Stevens was entitled to the commissions he claims or to any commissions, yet in the absence of fraud, accident or mistake that question must be deemed settled by the judgment of the justice, provided he had jurisdiction of the subject-matter and of the parties. In such case the judgment cannot be collaterally impeached for mere error. Swift v. Yanaway, 153 Ill., 197–203; People v. Seelye, 146 Ill., 189–206–221.

It is insisted, however, that the justice was without jurisdiction to render the judgment complained of, that he did not acquire jurisdiction in the manner provided by law. This contention is based upon the claim that the service by pub-

lication under the statute was defective, that the return of the constable does not state, as the statute required, "the time when and the places where he posted and mailed copies" of the notice.  (R. S. chap. 79, sec. 79.)  The return is as follows:  "Served the within notice by posting three copies thereof at three public places in the neighborhood of the within named justice, one at 125 South Clark street, one at 107 South Clark street, one at County Building, and mailing a copy of said notice, addressed to the within named defendant at his place of residence, this 8th day of November, A. D. 1902."  It is true this return while stating when and where the constable posted the copies, does not specifically state precisely where he mailed the copy addressed to the defendant.  In Pomeroy v. Rand, McNally & Co., 157 Ill., 176–185, the court considered in a similar case a return in which the constable failed to state "the places where he posted and mailed copies," and it was held that such failure was not a defect fatal to the jurisdiction of the court.  In the case at bar, as in that case, the return shows that the constable did all that was required of him by the statute, that he posted three copies of the notice at three public places in the neighborhood of the justice and mailed a copy addressed to the defendant at his place of residence, and the defect alleged in the present case is that the return does not state "what post·office or mail box he dropped the notice in."  As to that the Supreme Court says:  "We do not think these omissions of sufficient importance to render the judgments of the justice of the peace and Circuit Court absolutely void."  It is undoubtedly the rule that where jurisdiction is obtained by publishing a notice to parties interested, the statute must be strictly pursued and its provisions complied with.  Yaggy v. City, 194 Ill., 88–90.  Here the objection is not that the statute was not observed in the manner of giving notice, nor that the notice was not properly mailed, but that the return of the constable fails to show at what particular mail box out of thousands of mailing places in Chicago he deposited the notice addressed to the defendant at the latter's place of residence.

It is claimed that appellee Stevens did not make due inquiry to ascertain the proper address of appellant at Brooklyn, to which place the copy of the notice was mailed. There is evidence tending to show that Mrs. South, the garnishee, knew or had in her possession the means of ascertaining the exact place in Brooklyn where appellant's mail could be sent. There are circumstances stated in the bill, not however so far as we can discover from the abstract of the record proven by competent evidence, which might tend to create an impression that for some reason appellee Mrs. South was not averse to allowing Stevens to recover, and that she did not. make any very active effort to help appellant in any way. This, however, falls far short of fraud. As a matter of law Stevens had a right to prosecute his claim in the manner allowed by statute and the mere fact that we may perhaps infer a probability that if he had made an earnest effort to do so he might have ascertained the exact street address in Brooklyn of appellant and failed to do so, is not evidence from which fraud may be inferred. If the statute as to service was complied with, it suffices. Strict adherence to the statute may sometimes work a hardship, but this alone does not authorize interference in equity with a judgment regularly obtained.

It is urged that the answer of the garnishee was insufficient to sustain the judgment. The garnishee is not complaining, however, and had she failed to answer at all, judgment could still have been entered against her on default. Nor do we find evidence tending to support the contention that the judgment of the justice was erroneous in the sense of being contrary to law. It appears to be such judgment as the law authorizes, and must be deemed conclusive upon the merits. In People v. Seelye, 146 Ill., 189, *supra,* on page 221 *et seq.,* it is said: "If a court has jurisdiction of the subject matter and the parties, it is altogether immaterial, where its judgment is collaterally called in question, how grossly irregular or manifestly erroneous its proceedings may have been; its final order can not be regarded as a nullity and can not therefore be collaterally impeached."

Finding no material error in the order of the Circuit Court appealed from, it must be affirmed.

*Affirmed.*