Reid, Murdock & Co. v. McGregor, 183 Ill. App. 300.

**Reid, Murdock & Company, Defendant in Error, v. John J. McGregor, Garnishee, Plaintiff in Error.**

**Gen. No. 18,315.**

1. ATTACHMENT, § 212*—*when service by posting notices insufficient.* R. S., C. 79, art. VIII, § 11, J. & A. ¶ 6940, requiring constable to post three copies of notice for an attachment in three public places, requires each notice to be posted in a separate public place.

2. ATTACHMENT, § 263*—*when judgment may be impeached by garnishee.* Proceedings in attachment void for want of jurisdiction of the defendant may be attacked by the garnishee.

3. PROCESS, § 44*—*when statutes must be strictly complied with.* Where jurisdiction is acquired by a court through publication or posting of notice to parties interested, the statute must be strictly pursued and its provisions complied with.

4. GARNISHMENT, § 118*—*when recital in judgment conclusive on question of jurisdiction of attachment debtor.* Recital in judgment against garnishee in attachment that court acquired jurisdiction of attachment debtor by proper notice, *held,* conclusive against garnishee, though return showed that service on debtor by posting of notice was defective, where sufficient time had elapsed between the time the notice was defectively posted and the time the judgment was entered for a proper notice to have been prepared and posted as required by statute.

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed November 21, 1913.

ADAMS, BOBB & ADAMS, for plaintiff in error.

COLSON & JOHNSON, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit in attachment instituted in the Municipal Court on July 12, 1911, by Reid, Murdock & Co., against the McGregor Catering Company, a foreign corporation, and wherein John J. McGregor was served as garnishee. On January 9, 1912, judgment by default was entered against said McGregor Catering Company for $177.50, together with costs, and thereafter upon the same day a judgment in proper form was entered against said garnishee for $182.60. This writ of error is prosecuted by the garnishee.

If the proceedings in attachment are void for want of jurisdiction of the defendant McGregor Catering Company, they may be attacked by the garnishee. *Pomeroy v. Rand, McNally & Co.*, 157 Ill. 176.

The statute provides that if the defendant in the attachment is not served with summons and does not appear at the time and place of trial a notice shall be prepared to be posted up at three public places in the neighborhood of the justice (court), etc., which notice shall be delivered to the constable (bailiff) who shall post three copies of the same at three public places in the neighborhood of the justice (court) at least ten days before the day set for the trial, and on or before that day shall return the notice delivered to him by the justice (court) with an indorsement thereon stating the time when and the places where he posted copies of the same. Statute 1911, ch. 79, art. VIII, § 11. (J. & A. ¶ 6940.)

In the case at bar, the notice which appears in the record was prepared and delivered to the bailiff, who indorsed his return thereon, as to posting the same, as follows: "Served the within notice this 31st day of July, A. D. 1911 by posting a copy at each of the following places to-wit: One at North Entrance County Bldg. One at South Entrance City Hall. One at South Entrance City Hall, all of which are public

places in the neighborhood of the within named Court.''

It appears from this return of the bailiff that he posted two copies of the notice at one and the same public place, to-wit, ''the South Entrance City Hall.''

It is obvious that the statute contemplates that a copy of the notice shall be posted at each of three separate and distinct public places. If two copies of the notice may be posted at one and the same place then also three copies of the notice may be so posted, and the requirement that more than one copy be posted is absurd and superfluous.

It is the settled rule that where jurisdiction is to be acquired by a court through the publication or posting of a notice to parties interested, the statute must be strictly pursued and its provisions complied with. *Yaggy v. City of Chicago,* 194 Ill. 88; *Slattery v. Stevens,* 125 Ill. App. 67.

Counsel for defendant in error do not seriously assert the sufficiency of the bailiff's return of posting the notice referred to, but insist that as the judgment order of January 9, 1912, recites that the defendant judgment debtor was duly notified of the pendency of the suit and of the time required of said defendant to appear, by publication of notice according to law a sufficient number of days prior to the time required of said defendant to appear, and as sufficient time elapsed between the time when the notice was so defectively posted and the time when judgment was entered for a proper notice to have been prepared and posted as required by the statute, the recital in the judgment order must prevail, and it will be presumed that a subsequent and valid service of a proper notice was had.

This insistence is abundantly supported by authority and is decisive of the case. In *Turner v. Jenkins,* 79 Ill. 228, it was said: ''Confessedly, the service upon John Turner to the September term of court was defective. Without any steps having been taken, the

cause was continued. At the ensuing term, the decree recites, defendants 'were duly served ten days before the first day of the October term.' Only the summons to the September term is found in this record. *Non constat* but a summons may have been issued to the October term, duly served on defendants, and lost from the files. Every reasonable presumption will be indulged in favor of the jurisdiction of a court of general jurisdiction, and its findings in the decree that defendants were 'duly summoned,' will be held to be *prima facie* evidence of the existence of that jurisdictional fact. Nothing appears in this record that rebuts the presumption in favor of the jurisdiction of the court, as indicated by its finding in the decree.''

The doctrine announced in the *Turner* case has been followed and applied in the following cases: *Mulvey v. Gibbons*, 87 Ill. 367; *Chicago Dock & Canal Co. v. Kinzie*, 93 Ill. 415, *Matthews v. Hoff*, 113 Ill. 90; *Connely v. Rue*, 148 Ill. 207; and *Benk v. Fiel*, 249 Ill. 424.

Section 51 of the Municipal Court Act (J. & A. ¶ 3368) provides: ''That both in direct and in collateral proceedings the same presumptions shall be indulged with respect to the jurisdiction of the Municipal Court over the subject matter of suits and over the parties thereto, and with respect to the regularity of the proceedings of said Municipal Court, as are indulged with respect to the jurisdiction and regularity of the proceedings of circuit courts in like cases.''

If the notice and return which appear in the record were necessarily the notice and return by virtue of which the court assumed to acquire jurisdiction of the defendant, that is to say, if subsequent to the date of such notice and return sufficient time had not elapsed prior to the date when judgment was entered for the service of notice as required by the statute, a different question would be presented and we should be compelled to hold that the finding of the court as to its jurisdiction was not conclusive, and that the court did not acquire jurisdiction of the defendant Mc-

Gregor Catering Company. *Forrest v. Fay,* 218 Ill. 165; *Manternach v. Studt,* 230 Ill. 356.

As the record discloses that ample time elapsed between July 31, 1911, the date of the defective notice, and January 9, 1912, the day when judgment was entered, to have acquired jurisdiction of the defendant by proper notice as required by the statute, the finding of such jurisdiction in the judgment order must be held to be conclusive.

The judgment of the Municipal Court is affirmed.

*Judgment affirmed.*