SARAH DALTON, Respondent, *v.* ROBERT T. DALTON, Appellant.

First Department, December 28, 1945.

*Isidore Goldstein* for appellant.

*David. T. Smith* of counsel (*Oscar Marks,* attorney), for respondent.

CALLAHAN, J.   This action for absolute divorce commenced by plaintiff wife on February 14, 1945, has resulted in a judgment of divorce upon a finding of adultery by defendant husband committed with one Claire Rothbard with whom he entered into a ceremonial marriage at a time when allegedly he was still the husband of plaintiff.

Defendant contended upon the trial, and now contends, that before he married Claire Rothbard he secured a valid and binding judgment of divorce from plaintiff in an action brought in the courts of Illinois in the year 1943, and therefore the present action must fail.

The principal question presented on this appeal is whether the proof sufficiently establishes invalidity of the Illinois decree. No express findings were made by the trial court with respect

to the validity or invalidity of such decree. The decision and findings merely recite the marriage of the parties, its continuance to the time of trial and defendant's adultery. Of course, the finding that a valid marriage continued to exist between the parties is in effect a holding that the Illinois divorce was invalid.

The proof discloses that the parties were married in the State of Massachusetts on June 15, 1924; that they came to live in New York, and continued to live here together for approximately thirteen years. Plaintiff has continued to live here ever since.

The parties separated in 1938. Although there was the usual dispute as to who was at fault for the separation, this question of fault or wrong of one spouse in leaving the other is no longer controlling as to the existence of domicile in the foreign State. It has no relevancy to the existence of power of the foreign State to grant a divorce, for the right to acquire a new domicile is not dependent upon the underlying cause of the matrimonial rift (*Williams* v. *North Carolina,* 317 U. S. 287).

The husband's proof establishes, without contradiction, that after his separation he went to live in Connecticut for a short time, and sometime in the year 1938 went to Illinois, where he resided for approximately four years. He contended that he wrote to the plaintiff seeking to effect a reconciliation, but received no answer. In 1942 he left Illinois and went to Washington, D. C., where he secured work as a printer in the Government Printing Office. He contends that he intended to return to Illinois, which he considered the State of his permanent residence.

In 1943 he met Claire Rothbard in Washington, D. C., and thereupon wrote to a lawyer in Illinois asking whether he had grounds for divorce against plaintiff. Upon the advice of that lawyer an action was commenced in a court of competent jurisdiction, in the State of Illinois, against plaintiff for an absolute divorce on the ground of desertion. Plaintiff was never within that State, and any service of process that might have been effected was by publication.

Plaintiff attacks the jurisdiction of the Illinois court on two grounds: (1) that her husband was not domiciled in Illinois when he brought suit and (2) that no sufficient service of process was made.

It appears from the present proof that the husband's residence in Illinois was an actual and continuous one, and not merely colorable, at least up to the time he left there for Wash-

ington, D. C. Temporary residence in the District of Columbia for an indefinite period while in government service is not ordinarily enough, in and of itself, to deprive the Federal employee of his domicile of origin. (*Dist. of Columbia* v. *Murphy,* 314 U. S. 441; *Pace* v. *District of Columbia,* 135 F. 2d 249; *Sweeney* v. *District of Columbia,* 113 F. 2d 25.) As the record now stands the proof would support a finding of domicile rather than the contrary one impliedly made by the trial court.

If the husband was a bona fide domiciliary of Illinois when he commenced suit for divorce in that State and he initiated his action in the manner prescribed by the Illinois statute providing for service by publication which met the requirement of due process, then the judgment of the Illinois court would be entitled to full faith and credit in New York. (*Williams* v. *North Carolina,* 317 U. S. 287, 298–299, *supra; Matter of Holmes,* 291 N. Y. 261.)

The Illinois decree appears on its face to have been obtained regularly. Though the validity of such a decree may be attacked by a spouse domiciled here who never was in the foreign State, the foreign judgment will be given full faith and credit until it is impeached by evidence which establishes that the foreign court had no jurisdiction. (*Matter of Holmes, supra*).

On the question of service, our attention is called to the Illinois Civil Practice Act (Illinois Rev. Stat., ch. 110, § 138), providing, in substance, that where a defendant is absent in an action affecting status and service by publication is sought to be made, an affidavit must be filed " stating the place of residence of such defendant, if known, or that upon diligent inquiry his place of residence cannot be ascertained." Following provision as to the manner of publication, the statute continues, " and he shall also, within ten days of the first publication of such notice, send a copy thereof by mail, addressed to each such defendant whose place of residence is stated in such affidavit."

Decisions by the courts of Illinois are cited to us, holding that the statutes providing for service by publication must be strictly complied with or jurisdiction of an action affecting status is lacking. (See *Slattery* v. *Stevens,* 125 Ill. App. 67; *Anderson* v. *Anderson,* 229 Ill. 538; *Anderson* v. *Anderson,* 292 Ill. App. 421.)

Whether a proper affidavit was filed in the Illinois action or a proper effort made to ascertain the whereabouts of the wife at the time that action was brought, and whether any essential

facts were concealed from the Illinois court, are questions left entirely to conjecture. The evidence merely shows that when asked by his Illinois attorney for his wife's address, he stated: "Brooklyn, N. Y.", and we are asked to infer from this that although he knew the actual place of residence of his wife by street and number when the foreign suit was commenced, he failed to supply it. A finding of improper service would be unwarranted on such inadequate proof.

Service of a summons in a suit for divorce may be made by publication if brought in a competent court in the State of domicile. (*Atherton* v. *Atherton,* 181 U. S. 155.) Such service if permissible by local law satisfies the requirement of due process at least where it is reasonably calculated to give the defendant notice of the proceedings and an opportunity to be heard. (*Milliken* v. *Meyer,* 311 U. S. 457; *Williams* v. *North Carolina,* 317 U. S. 287, *supra.*) But in order to make a divorce valid even when granted in the State of domicile, there must be notice to the defendant either by service of process or if the defendant is a nonresident, by such publication or other constructive notice as is required by the law of the State. (*Thompson* v. *Thompson,* 226 U. S. 551.) If the notice is published against the defendant without making such effort as the local law requires to serve process upon the defendant within the State, the divorce is void for want of jurisdiction. (*Cheely* v. *Clayton,* 110 U. S. 701.)

Upon the present record we find that insufficient proof was adduced to sustain a finding of invalidity of the Illinois decree for lack of jurisdiction either because of absence of domicile or for lack of due process. Such evidence may be supplied on a new trial. Unless it is we must enforce the requirement of full faith and credit. (*Matter of Holmes,* 291 N. Y. 261, *supra.*)

As was said by the United States Supreme Court in the second *Williams* case (*Williams* v. *North Carolina,* 325 U. S. 226, 232): "In short, the decree of divorce is a conclusive adjudication of everything except the jurisdictional facts upon which it is founded, and domicil is a jurisdictional fact." While under the rule enunciated in that case plaintiff herein may challenge the jurisdiction of the Illinois court because of lack of a bona fide domicile by defendant in Illinois notwithstanding a finding of domicile by the Illinois courts, and a recital to that effect upon the record, as was further said in the second *Williams* case (*supra,* 233), concerning the weight to be given to the foreign decree (a Nevada decree in that instance): "The fact that the Nevada court found that they were domiciled there is entitled to respect, and more. The burden of undermining the

verity which the Nevada decrees import rests heavily upon the assailant. But simply because the Nevada court found that it had power to award a divorce decree cannot, we have seen, foreclose re-examination by another State."

The judgment appealed from should be reversed and a new trial ordered.

MARTIN, P. J., TOWNLEY, WASSERVOGEL and PECK, JJ., concur.

Interlocutory judgment unanimously reversed and a new trial ordered.