PAULINE E. HOWARD, Plaintiff, *v.* DEWEY H. HOWARD, Defendant.
Supreme Court; Special Term, Queens County, July 8, 1946.

*Edward Lafreniere* for plaintiff.

*Herman Methfessel* for defendant.

FROESSEL, J. This is an action for absolute divorce. The misconduct charged against the defendant is alleged to have been committed while living with one Dorothy Weber, following a ceremonial marriage with her at a time when he allegedly was still the husband of the plaintiff. The defendant concedes living with said Dorothy Weber, but contends that before he married her, he secured a valid and binding judgment of divorce from plaintiff in an action brought in the State of Virginia in 1938 and, therefore, the present action must fail.

The principle question presented here is whether the plaintiff has sustained the burden of undermining the verity which the Virginia decree imports. The parties were married in this State in 1919. There are three children of said marriage, two daughters now over twenty-one years of age and one son who becomes of age next month. The plaintiff has lived in this State throughout this entire period. Defendant's failure to care for and maintain the plaintiff and their three children is clearly manifest from the evidence before me. He came and went as he chose, regardless of his obligations, left his family in dire straits even when they were about to be evicted from their home, and his conduct toward them cannot be defended, in spite of his claim that his wife deserted him in 1933.

I recognize, of course, that the question of fault or wrong of one spouse in leaving the other is not controlling as to the existence of domicile in the foreign State. (*Dalton* v. *Dalton*, 270 App. Div. 269.) It may, however, have some bearing in determining whether or not the claimed domicile of the defendant in Virginia was bona fide. The defendant here testified that he went to Norfolk, Virginia, early in 1937. At the time proceedings against him were pending in the Domestic Relations Court of the City of New York, and a warrant for his arrest had been issued. The nature of his residence and business in Virginia did not reflect an intention of remaining permanently. After residing in Virginia for about eighteen months (the statutory residential requirement there is one year), he instituted an action

for divorce against the plaintiff upon the ground of desertion, resulting in a decree in his favor, dated September 27, 1938. In the meantime, the said Dorothy Weber also came to Virginia and also instituted divorce proceedings. The defendant states he resided with her beginning April, 1939 (his decree forbade marriage before March 27, 1939), but did not enter into a ceremonial marriage with her until some time later. Shortly after they commenced living together, both defendant and Dorothy Weber left Virginia, and spent several months in Pennsylvania, whereupon they returned to Staten Island, New York.

Notwithstanding the fact that plaintiff was not within the State of Virginia when the divorce action there was instituted, nor since then and did not appear therein, and though service appears to have been effected upon her by publication in a Norfolk, Virginia, newspaper, the Virginia decree appears *on its face* to have been obtained regularly. Such is the state of our law, whether the wife knew of the pending action, and was without resources to travel to a distant foreign jurisdiction to defend it, or whether, as she claims here, she was wholly ignorant of its institution; and so readily may a person strip himself of his matrimonial obligations. And the Virginia decree of divorce " is a conclusive adjudication of everything except the jurisdictional facts upon which it is founded ", but " domicil is a jurisdictional fact " which may be re-examined by this court. (*Williams* v. *North Carolina*, 325 U. S. 226, 232; *Dalton* v. *Dalton, supra; Matter of Holmes,* 291 N. Y. 261, 272; *Lefferts* v. *Lefferts,* 263 N. Y. 131.)

Upon the record before me, I conclude that plaintiff has sustained the burden of impeaching the foundation of the Virginia decree; that she has successfully assailed the husband's contention that he was a bona fide domiciliary of Virginia when he commenced suit for divorce in that State, and has demonstrated that he went to Virginia solely for the purpose of escaping the proceedings in the Domestic Relations Court, obtaining a divorce and remarrying, intending all along to return to New York State. Adopting the language from *Williams* v. *North Carolina* (*supra,* p. 242): " No justifiable purpose is served by imparting constitutional sanctity to the efforts " of this defendant to escape his responsibilities to plaintiff by a fictitious domicile in Virginia.

In the light of the foregoing, plaintiff is entitled to judgment as prayed for in the complaint. In view of the fact that the children have attained the ages hereinbefore indicated, I will grant plaintiff alimony in the sum of $12 per week.

Submit findings and judgment on notice.