FRANCES GALLAGHER, Plaintiff, *v.* FRANK GALLAGHER, Defendant.

Supreme Court, Equity Term, Oswego County, June 6, 1947.

*John B. Mowry* for plaintiff.

*Jay B. Kessler* for defendant.

MALPASS, J. The parties in this action were married in 1916. They have one child, a son, who was born in 1921. The parties separated in 1929, and some time thereafter the defendant was placed on probation on a charge of abandonment to which he pleaded guilty although he insists upon this trial that he was not guilty. The defendant contributed to the support of the plaintiff and the child until 1937, when the child reached his sixteenth birthday after which date the child went to live with the defendant who thereafter paid a reduced amount for the support of the plaintiff until May, 1946, when the defendant ceased his contributions for plaintiff's support and plaintiff brought this action for a separation.

The summons and complaint in the instant action were served on the defendant at the town of Mexico, in the county of Oswego on November 16, 1946. Shortly after the service of the summons and complaint the defendant left the State of New York and went to Nevada arriving there November 22, 1946. The defendant admitted on cross-examination that he went to Nevada for the purpose of commencing an action for divorce against the plaintiff. The defendant brought an action for divorce against the plaintiff in the State of Nevada. The plaintiff remained in the State of New York, was never in Nevada and never authorized any appearance in her behalf in the Nevada action. On February 6, 1947, an order was granted in the Supreme Court of this State restraining the defendant from proceeding with the Nevada action and directing the payment of temporary alimony and counsel fees in the instant action. The defendant was represented upon the hearing of the application for the restraining order and temporary alimony and counsel fees by an attorney who had previously appeared for the defendant in the instant action and served an answer in defendant's behalf, and a certified copy of the order of February 6th was served upon defendant's attorney the same day it was granted, February 6, 1947. The defendant proceeded with the Nevada action and on February 15, 1947, was granted a decree of divorce in the Second Judicial Court of the State of Nevada. On February 16, 1947, the defendant married another woman in Nevada and returned with his new wife to the State of New York arriving in this State, February 24, 1947, since which time he has been living here with his new wife.

The evidence is undisputed that plaintiff's health has become seriously impaired and that she is unable to work and support herself as she had previously done.

Upon the trial the attorney for the defendant was allowed to amend the answer so as to plead the Statute of Limitations as an affirmative defense, and he now urges that this action is barred by lapse of time. It is urged that the defendant deserted and abandoned plaintiff in 1929, and that the ten-year statute applies and therefore that plaintiff cannot maintain the present action. The proof shows that the defendant abandoned the plaintiff and the child in 1929, but it also has been established that since that time and until May, 1946, the defendant had contributed to the support of the plaintiff, thus recognizing his continuing duty to support his wife. The Statute of Limitations is not a bar to an action for separation under the circumstances existing in this case. (*Hunt* v. *Hunt,* 152 Misc. 364, affd. 242 App. Div. 721; *Hennessey* v. *Hennessey,* 250 N. Y. 614.)

The evidence clearly establishes that the plaintiff and defendant were residents of the State of New York when this action was begun and that the defendant went to Nevada, while this action was pending, for the purpose of instituting the divorce action in that State and that he proceeded to prosecute to judgment the Nevada action even though an order had issued out of Supreme Court of this State restraining him in so doing. The defendant was remarried in Nevada the day following the granting of the Nevada divorce and two days thereafter started the return trip to this State. He was engaged in the business of operating a beer garden and restaurant in Oswego County. Defendant's place was operated *for him* by his son during the time he, the defendant, was in Nevada. A license to sell alcoholic beverages was issued to and in the name of the defendant who admitted that in his application for the license he stated that he was a resident of New York. The license remained in defendant's name at all times and upon his return to this State the defendant resumed the management of his business. Clearly the defendant did not establish a bona fide domicile in Nevada. Under such circumstances as existed in this case, the Nevada divorce is no bar to plaintiff's action for a separation. (*Howard* v. *Howard,* 187 Misc. 16; *Dalton* v. *Dalton,* 270 App. Div. 269; *Matter of Lindgren,* 293 N. Y. 18; *Allan* v. *Allan,* 63 N. Y. S. 2d 924; *Estin* v. *Estin,* 296 N. Y. 308; *Williams* v. *North Carolina,* 325 U. S. 226.)

Judgment is granted to plaintiff with alimony in the amount of $15 per week.