HARRY L. LAYTON, Plaintiff, *v.* CLARA V. LAYTON, Defendant.

Supreme Court, Special Term, Rockland County, July 15, 1947.

*Bernard Silberman* for plaintiff.

No appearance for defendant.

BAILEY, J.    Plaintiff instituted this action for annulment alleging that at the time of his marriage to defendant there was another marriage of defendant in full force and effect and that defendant's husband by such previous marriage was living.

Plaintiff and defendant were married on September 29, 1928. Two children were born of the marriage, one in August, 1930, and another in May, 1938, both of whom are living. A little more than two years prior to the marriage here sought to be annulled defendant had been ·previously married, namely on August 9, 1926. No proof was offered that defendant's first husband was living at the time of the second marriage but plaintiff presumably considers that only a little more than two

years having elapsed, defendant's first husband must have been living.

In her application for a marriage license to plaintiff defendant stated that this was her first marriage. By reason of such concealment of the previous marriage plaintiff also alleges fraud and misrepresentation on the part of defendant as a further basis for the decree which he seeks in this action. This ground is not too seriously urged, plaintiff having testified that knowledge of a previous marriage had it been dissolved would not have prevented his marriage to defendant.

In order to grant this decree it is necessary to indulge in the presumption that defendant's first husband was living at the time of her marriage to plaintiff whereas the burden rested upon plaintiff to establish that fact. (*Romps* v. *Romps*, 209 App. Div. 832.) There is a strong presumption in favor of a legal marriage and in support of the innocence of a person entering into such a relationship. In discussing this subject Bishop on Marriage, Divorce and Separation (Vol. 1, § 953) says: " If a married partner has been absent and unheard of less than seven years, then the other marries, the law has no unyielding result, but in a general way favors the presumption of innocence, making the second marriage good.   *   *   * "

The evidence here shows that the husband of the first marriage has not been known to be living since November, 1926. More than twenty years have elapsed. The parties to this action resided together for many years. Two children have been born of the marriage. One is now very nearly seventeen years of age and the other has passed his ninth birthday. It is the duty of the court to indulge in every presumption to uphold the marriage. The presumption in support of the marriage relation outweighs the presumption that the first husband was living at the time of the second marriage. (*Smith* v. *Smith*, 194 App. Div. 543.)

It is the duty of the courts to safeguard the institution of marriage. The fact that this action is not defended adds no weight to the evidence here presented. There is no proof in support of plaintiff's allegations that defendant's first husband was living at the time of his marriage to defendant. The burden of such proof rested upon plaintiff to establish the invalidity of this marriage. He may not rely upon the presumption of life as opposed to the presumption of innocence and the validity of the marriage which is here sought to be annulled. Plaintiff having failed to sustain the burden of proof the relief herein sought is denied and the complaint dismissed.