In an action to declare a separation agreement void and for a judgment of separation, defendant appeals from a judgment entered June 21, 1950, insofar as the judgment grants a separation to the plaintiff, dismisses the first, second and third defenses in defendant’s answer, and directs payments for the support and maintenance of the plaintiff and of a counsel fee. Plaintiff appeals from the judgment insofar as it dismisses her first cause of action •— to declare the separation agreement void — and insofar as it directs payments by defendant for her support and maintenance and that of the daughter of the parties, on the ground that the allowances made are inadequate. On appeal by the plaintiff, judgment, insofar as it dismisses-plaintiff’s first cause of action, is reversed on the law and the facts, without costs, and judgment is granted in favor of plaintiff and against defendant, without costs, declaring the separation agreement entered into by the parties, dated February 11, 1946, void, as violative of the provisions of section 51 of the Domestic Relations Law. (Of. Haas v. Haas, 298 N. Y. 69, and cases cited.) On appeal by defendant, judgment insofar as it grants a separation to the plaintiff, dismisses the first and third defenses pleaded in defendant’s answer, directs payment by defendant for the support and maintenance of the plaintiff, and grants judgment against defendant for arrears of alimony, reversed on the law and facts, without costs, the action severed, and a new trial granted on the issues with respect to the plaintiff’s cause of action for a separation. The judgment, insofar as it dismisses defendant’s second affirmative defense and provides for payments by defendant for the support of the infant daughter, is affirmed, without costs. Plaintiff’s cause of action for a separation was based on allegations of cruel and inhuman treatment, denied by defendant, and defendant had interposed, inter alia, defenses that plaintiff’s misconduct barred the granting of relief as demanded in her complaint (Civ. Prac. Act, § 1163), and that defendant had been granted a judgment of absolute divorce from plaintiff, in the State of Nevada. The Special Term did not decide the issues with respect to the cruel and inhuman treatment alleged in the complaint, but granted a judgment of separation to the plaintiff on the ground that defendant had failed to support her. The plaintiff had not so alleged, and no issue was presented by the pleadings with respect to nonsupport.- In dismissing defendant's defense based on misconduct of the plaintiff, the learned Justice at Special Term stated that defendant had failed to prove conduct by the plaintiff which would justify defendant’s discontinuance of the payments provided by the separation agreement. The action was not to recover on the agreement, but was for a separation, and the issue raised by defendant’s affirmative defense, that plaintiff’s misconduct should bar such relief, has not been decided. On the trial defendant established that he had been granted a judgment of divorce from *1054 plaintiff in the State of Nevada, and it was conceded that plaintiff, in Brooklyn, N. Y., had been personally served with process in that Nevada action. No evidence was offered or received which was sufficient to impeach the validity of the Nevada judgment, which appears on its face to have been obtained regularly. Although the validity of such a divorce may be attacked by a party residing here who did not submit to the jurisdiction of the foreign court, the foreign judgment will be given full faith and credit until impeached by evidence sufficient to establish that the foreign court had no jurisdiction. (Matter of Holmes, 291 N. Y. 261; Matter of Franklin v. Franklin, 295 N. Y. 431; Dalton v. Dalton, 270 App. Div. 269; Selkowitz v. Selkowitz, 272 App. Div. 1071.) Such evidence, if available, may be supplied on a new trial. Findings of fact inconsistent with the foregoing are reversed and new findings will be made. Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur. Settle order on notice.