Arthur D. Brennan, J.
In this action brought by a wife for a judgment declaring that the divorce which the defendant husband procured against her in the State of Arkansas is invalid and of no force or effect and that she is the lawful wife of the defendant, the complaint alleges, on information and belief, that the defendant and another woman ‘ went through an alleged marriage ceremony.” The defendant’s answer admits that in July of 1956, the defendant and said other woman, one Eleanor Fugazy Sherr, were duly married. The evidence offered on the trial disclosed that said marriage occurred on July 9, 1956. The said Eleanor Fugazy Sherr was not made a party defendant to this action.
After the trial of this action was had, this court consulted with counsel for the plaintiff and defendant and suggested that the woman who had married the defendant should be brought in as a party defendant to the action as, in the court’s view, she was an indispensable party defendant. Counsel for the respective parties did not agree with the court and have failed to make any application to join or compel the joinder of said other woman as a party defendant.
Under the circumstances, pleadings and proof here present, this court is of the view that said other woman is an indispensable party defendant in whose absence no efficacious declaratory judgment can be made. (Varrichio v. Varrichio, 269- *800 App. Div. 678; Herbert v. Herbert, 147 N. Y. S. 2d 191.) Further, this court is of the opinion that the aforesaid defect is not waived by the failure of both parties to raise any objection with respect thereto but that where, as here, neither party has moved to join or compel the joinder of the indispensable party, the court, on its own motion, must order such party to be brought in as a defendant. (See Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 180.)
Accordingly, pursuant to the provisions of subdivision 2 of section 193 of the Civil Practice Act, this court directs that a supplemental summons and an amended complaint issue herein to the end that Eleanor Fugazy Sherr be made and brought in as a party defendant in and to this action. If the plaintiff fails or neglects to bring her in as a party to this action by October 1, 1957, the action shall be dismissed, without prejudice. It may be noted that such a dismissal must be ordered even in a case where the indispensable defendant is a nonresident and cannot be served personally within this State within the reasonable time prescribed by the court in directing that such defendant be brought into the action. (See Carruthers v. Waite Mining Co., 306 N. Y. 136, 142.)
Counsel are directed to appear before this court on October 7, 1957 at the opening of court on that day at which time they should be prepared to acquaint the court with respect to the direction herein contained. In the interim, a determination of the merits of this action will be held in abeyance. If either party desires to appeal from the above determination, he or she may enter a formal order for the purpose of taking such an appeal.