Bbujambst Brekneb, J.
Action to annul a marriage. The defendant wife is charged with having married plaintiff when validly married to one Goldman, then alive. Both parties were inmates of displaced person camps. Plaintiff, too, had previously been married abroad, but his own wife and children were killed in the war. The defendant testified that she left Goldman several days following her marriage to him on learning that Goldman was already married; that when she met the plaintiff at an embarkation point she was already pregnant with Goldman’s child; that she apprised plaintiff of all of these facts and that he nevertheless followed her to this country and married her in New Jersey after first taking the precaution to arrange for a Mexican divorce of the marriage between defendant and said Goldman — a decree which the parties concede to be invalid. The defendant’s second child is the child of these parties who, having separated and reconciled, freely cohabited prior to their last separation, with full knowledge of all the facts.
Defendant makes much of plaintiff’s procurement of defendant’s Mexican decree, his knowledge of its invalidity and his cohabitation with defendant despite such knowledge, as constituting an equitable estoppel of his cause of action for annulment. There is no equitable estoppel to the annulment of an invalid marriage, void from its beginning because of a subsisting valid marriage to one then living (Landsman v. Landsman, 302 N. Y. 45), even where plaintiff actively procures the invalid decree in behalf of his wife and, with knowledge of its invalidity, continues to cohabit with her (Gruttemeyer v. Gruttemeyer, 285 App. Div. 1185). The fact that the parties married in the State of New Jersey is unimportant since they reside in this *679 State. Their marital status is governed by the law of their domicile (Williams v. North Carolina, 317 U. S. 287; Dalton v. Dalton, 270 App. Div. 269). It is immaterial whether an equitable estoppel is recognized in the State where the marriage was contracted.
To succeed here, plaintiff must however establish by a fair preponderance of the credible evidence that the defendant was not free to marry him due to her subsisting marriage to Goldman, then living. Having asserted the invalidity of the present marital status, plaintiff has the onus of proving it (Matter of Callahan, 142 Misc. 28, affd. 236 App. Div. 814, affd. 262 N. Y. 524). True, the plaintiff has established that Goldman was then alive and he has also offered into evidence a certificate of marriage between defendant and said Goldman which is presumptive proof of the validity of such prior marriage (Civ. Prac. Act, § 372); but this presumption is of little value since it cannot be determined from the evidence whether Goldman’s wife was living or dead when he entered into the ceremonial marriage with defendant (Matter of Callahan, supra). The parties freely contracted this marriage under the apprehension that each was free to do so, and other than proof of such certificate, there is no evidence to the contrary.
In these circumstances plaintiff has failed to satisfy the court that the present marital status is invalid. The court must extend itself to uphold the validity of the marriage under attack and indulge in every presumption in favor of such validity (Layton v. Layton, 189 Misc. 974; Matter of Dugro, 261 App. Div. 236, affd. 287 N. Y. 595), particularly where there is issue of the marriage, whose legitimacy is thus established and reaffirmed (Matter of Conklin v. Tuttle, 234 App. Div. 1, affd. 260 N. Y. 663). The mere exhibition of a certificate of a prior marriage, though presumptive proof thereof, and the existence of the person named in the certificate who is already married, do not overcome such presumption of validity (Matter of Bilotta, 110 N. Y. S. 2d 331).
It is to be borne in mind that the prior marital situations of the parties were rendered uncertain because of war and its aftermath. Those prior relationships were innocently regarded by both parties as having- come to an end. This innocence serves to further fortify their present marital status (Matter of Bilotta, supra).
Plaintiff is not entitled to a decree of annulment. This opinion shall constitute the findings and conclusions. Submit judgment for defendant.