Benjamin Brenner, J.
Defendant husband moves to compel the plaintiff wife to serve and join as a party defendant in this separation action the man with whom she entered into a marriage after she had procured a Mexican decree of divorce against said defendant husband.
Subdivision 1 of section 193 of the Civil Practice Act provides in part that ‘ ‘ A person whose absence will prevent an effective determination of the controversy or whose interests are not severable and would be inequitably affected by a judgment rendered between the parties before the court is an indispensable party.” In the case at bar the second husband would appear to be a party whose interests would be inequitably affected by a judgment rendered between the parties for a “ separation judgment obtained by plaintiff wife is determinative as to the whole world, that is, as to third parties. That separation judgment subsists not only as a judicial declaration between the parties to the separation action, but also as to any others, such as the second wife whose marriage to the husband antedates the judgment.” (Presbrey v. Presbrey, 6 A D 2d 477, 480, affd. 8 N Y 2d 797.) Hence, were this plaintiff to obtain a separation judgment it would constitute a judicial declaration to all the world that her second marriage, entered into prior to the institution of this action, is null and void thereby affecting the status and interests of the second husband. It would, *20 therefore, seem to me to be but fair that the latter be given the opportunity to defend his marriage, should he wish to do so (Varrichio v. Varrichio, 269 App. Div. 678; Johnson v. Johnson, 13 Misc 2d 891; Lauricella v. Lauricella, 13 Misc 2d 799; Johnson v. Johnson, 157 N. Y. S. 2d 328; Herbert v. Herbert, 147 N. Y. S. 2d 191).
The case cited by the plaintiff wife (Newburger v. Newburger, 7 A D 2d 639, affd. 5 N Y 2d 953) is distinguishable since there the party sought to be joined was the prior spouse of the plaintiff and not, as here, the subsequent one. Thus, in Newburger (supra) such third party was not the spouse whose marriage bore the greater presumption of validity, whereas in the case at bar, involving as it does, the most recent marriage, such greater presumption does exist (Matter of Dugro, 261 App. Div. 236, affd. 287 N. Y. 595; Layton v. Layton, 189 Misc. 974). The presence in this lawsuit of such third-party spouse is, therefore, most urgent.
The motion is granted and plaintiff is directed to join Joel J. Rosenthal as a party defendant in this action by April 1, 1962. Since this will necessitate delay of trial herein she is given leave, if she be so advised, to renew her application for temporary alimony and counsel fees which was heretofore referred by me to the Trial Judge conditioned upon an early trial.