■ JAMES Q. WILLIAMS, Respondent, v. FRIEDA WILLIAMS, Also Known as FRIEDA PRUITT, Appellant.— In an action for a judgment declaring that plaintiff and defendant are not husband and wife and that a prior decree of divorce granted defendant in Florida is void and of no force and effect, defendant appeals from a judgment of the Supreme Court, Suffolk County, entered December 11, 1961, upon the decision of the court after a nonjury trial, in favor of plaintiff. Judgment reversed, without costs, and a new trial granted. The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. Prior to the new trial, plaintiff is directed to bring in John C. Pruitt, defendant's first husband, as a party defendant in the action. On June 10, 1954, in the State of Florida, the defendant obtained a decree of divorce from said John C. Pruitt. He had appeared in the Florida action but did not contest it. Plaintiff and defendant were married on December 24, 1955. Thereafter, and on November 7, 1960, the Florida decree was vacated by order of the Florida court, in a proceeding instituted by an Assistant State Attorney of that State, on findings that at the time of the institution of her suit for divorce, defendant (plaintiff in that action) was not an actual bona fide resident of Florida but was in fact a resident of the State of New York, and that a fraud had been perpetrated on the court in the obtaining of said decree of divorce. In that proceeding the defendant was served by publication, but it does not appear that said Pruitt was given any notice thereof. We are of the opinion that the order of November 7, 1960, vacating the decree of divorce, is presumptively valid and that, accordingly, on the record presented, the invalidity of the Florida divorce decree was established. The instant action, therefore, is properly based upon said order of November 7, 1960 and does not constitute a collateral attack by plaintiff on the decree of divorce, prohibited under the doctrine of cases such as *Johnson* v. *Muelberger* (340 U. S. 581). However, we are also of the opinion that, in this action for a declaratory judgment, John C. Pruitt is an indispensable party and must be joined to permit an effective determination of the controversy (*Varrichio* v. *Varrichio*, 269 App. Div. 678; *Lauricella* v. *Lauricella*, 13 Misc 2d 799; cf. *Bard* v. *Bard*, 16 A D 2d 801). On the new trial the defendants, if they be so advised, may explore the validity of the Florida court's vacatur order of November 7, 1960, including the effect, if any, of the apparent failure to give John C. Pruitt notice of the proceeding in that court to vacate the decree of divorce. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.

■

(November 8, 1962)

■ BERT EISENBERG, Appellant, v. 230 KENT CORPORATION, Respondent. 230 KENT CORPORATION, Respondent, v. BERT EISENBERG, Appellant. 230 KENT CORPORATION, Respondent, v. BERT EISENBERG, Appellant. 230 KENT CORPORATION, Respondent, v. BERT EISENBERG, et al., Appellants.— Motion by appellants for a stay, pending appeal, denied. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.