In the Matter of MAUD FRANKLIN, Petitioner-Respondent, against ALLAN FRANKLIN, Respondent-Appellant.

Argued April 16, 1946; decided July 23, 1946.

*Morris H. Halpern* and *Morris E. Vogel* for appellant.. I. Since there is no affirmative proof that the appellant was not domiciled in Illinois when he brought an action for divorce there, the Domestic Relations Court erred in ruling that appellant did not establish a bona fide domicile in Illinois. (*Matter of Holmes,* 291 N. Y. 261; *Williams* v. *North Carolina,* 317 U. S. 287; *Milliken* v. *Meyer,* 311 U. S. 457; *Adam* v. *Saenger,* 303 U. S. 59; *Smith* v. *Central Trust Co.,* 154 N. Y. 333; *Standish* v. *Standish,* 179 Misc. 564; *Dalton* v. *Dalton,* 270 App. Div. 269.) II. There is no principle or authority for the ruling of the Domestic Relations Court that appellant is estopped from asserting the

Illinois decree of divorce as a defense to respondent's petition for support and the Appellate Division erred in affirming the support order herein. (*Matter of Holmes,* 291 N. Y. 261; *Fischer* v. *Fischer,* 254 N. Y. 463; *Maloney* v. *Maloney,* 22 N. Y. S. 2d 334, 262 App. Div. 936; *Schein* v. *Schein,* 169 Misc. 608; *Stevens* v. *Stevens,* 273 N. Y. 157; *Collins* v. *Collins,* 80 N. Y. 1; *Vaughan* v. *Vaughan,* 178 Misc. 577; *Christensen* v. *Morse Dry Dock & Repair Co.,* 216 App. Div. 274; *Benson* v. *Eastern Bldg. & Loan Assn.,* 174 N. Y. 83; *Patrone* v. *Howlett,* 237 N. Y. 394.)

*Isidor Enselman, Louis Solomon* and *Paul Bank* for respondent. I. The order appealed from is not open to review. (*Norton & Siegel, Inc.,* v. *Nolan,* 276 N. Y. 392; *Crouse* v. *McVickar,* 207 N. Y. 213; *Burn* v. *Coyle,* 258 App. Div. 618, 284 N. Y. 785; *Galusha* v. *Galusha,* 116 N. Y. 635; *Goldfish* v. *Goldfish,* 193 App. Div. 686; *Durland* v. *Syracuse Trust Co.,* 230 App. Div. 786; *Schmelzel* v. *Schmelzel,* 287 N. Y. 21; *Goldman* v. *Goldman,* 282 N. Y. 296; *Hoyt* v. *Hoyt,* 265 App. Div. 223; *Matter of Skinner, Cook & Babcock, Inc.,* 238 App. Div. 573; *Endurance Hold. Corp.* v. *Kramer Surgical Stores, Inc.,* 227 App. Div. 582; *Jensen* v. *Union Railway Co.,* 260 N. Y. 1.) II. The Illinois divorce decree, obtained on constructive service, is ineffectual to deprive the Domestic Relations Court of jurisdiction to order support for the wife. (*Loomis* v. *Loomis,* 288 N. Y. 222; *Kurski* v. *Kurski,* 185 Misc. 97.) III. The jurisdictional issue of domicile was an open one, and was rightly decided in favor of the wife. (*Matter of Bingham,* 265 App. Div. 463; *Matter of Holmes,* 291 N. Y. 261; *Matter of Lindgren,* 293 N. Y. 18; *Solotoff* v. *Solotoff,* 269 App. Div. 677; *Reese* v. *Reese,* 268 App. Div. 993; *McCarthy* v. *McCarthy,* 179 Misc. 623; *Gordon* v. *Ashley,* 191 N. Y. 186; *Piwowarski* v. *Cornwell,* 273 N. Y. 226; *Ferris* v. *Sterling,* 214 N. Y. 249; *Powers* v. *Wilson,* 203 App. Div. 232; *Matter of Freeman,* 160 Misc. 133; *Punsky* v. *City of New York,* 129 App. Div. 558.)

LOUGHRAN, Ch. J. Within the city of New York, jurisdiction to hear and determine all proceedings to compel the support of a wife is given to the Family Court — a division of the Domestic Relations Court of the city. (See Domestic Relations Court Act of the City of New York, §§ 5, 91.) The present proceeding was brought in that court in January, 1934, through

the filing of a petition which alleged that the petitioner was the wife of the respondent and was dependent upon him for support that he had neglected to provide. The designations "petitioner" and "respondent" are prescribed by the statute just cited (§ 2) and on that account are used throughout this opinion.

At the hearing (which was not held until May, 1945) the following facts were undisputed: After their marriage at Rochester, N. Y., in 1907, the parties lived together in this State until 1926, when the respondent took up a separate abode in the State of Illinois; in January, 1930, he obtained from the Chancery Court of Illinois a decree of divorce against the petitioner; she was never a resident of Illinois, was not served with process in the Illinois divorce action except by publication, and she did not appear in that action. With that much conceded, the Family Court called the respondent as a witness. In substance he gave this testimony: His separation from the petitioner in 1926 was with her consent; thereupon he went to Illinois to accept employment in which he continued until he was dismissed therefrom in 1930; he did not go to Illinois for the purpose of getting a divorce; on the termination of his employment there in 1930 he returned to this State and in 1932 contracted a second marriage. The petitioner did not testify and no witness was called in her behalf.

At the close of the case, the Family Court entered an order directing the respondent to pay $10 weekly for the support of the petitioner. The Appellate Division affirmed by a vote of three to two and gave leave to the respondent to bring the case here.

(1) The Family Court said that its support order was made "on the ground that the Illinois decree of divorce is not binding by reason of no bona fide domicile." That ruling failed, we think, to give appropriate effect to the record in the light of the full faith and credit clause of our Federal Constitution. The burden was upon the petitioner to overthrow the apparent jurisdictional validity of the respondent's Illinois divorce decree by disproving his intention to establish a domicile in that State. Since no such rebuttal was attempted by her or in her behalf, the Illinois decree — though it stood alone — was entitled to prevail. (See *Williams* v. *North Carolina*, 325 U. S. 226; *Esenwein* v. *Commonwealth*, 325 U. S. 279.)

Whether the respondent is bound to support the petitioner irrespective of the validity of his Illinois divorce decree is a question that is not here presented . (Cf. *Esenwein* v. *Commonwealth,* 325 U. S. 279, 282–283.) On a further hearing, however, that question may be raised against him, and in that event, consideration should be given to the following provision of the Domestic Relations Court Act of the City of New York: " If the marriage relationship shall have been terminated by final decree of the supreme court of the state of New York or by judgment of any other court of competent jurisdiction, when valid in the state of New York, a petition may be filed or an order for support made or enforced in the family court only for the benefit of a child of such marriage." (§ 137, subd. 1.)

(2) From and after midnight of September 30, 1933, the family courts which theretofore had been parts of the magistrate court system of the City of New York were discontinued, and the powers and duties of the city magistrates in all boroughs of the city to deal with cases involving the support of a wife were ended. On October 1, 1933, the like jurisdiction of the present Domestic Relations Court of the city was established and all proceedings for the support of a wife then pending in the former magistrates' courts — together with all records and documents pertaining thereto — were transferred to the Domestic Relations Court for further enforcement or modification. (Domestic Relations Court Act of the City of New York, §§ 4, 43, 165.)

Subsequently to the respondent's procurement of his Illinois decree of divorce and in June, 1930, the Magistrate's Court with his consent made an order directing him to pay $10 weekly for the support of the petitioner as his wife. In the judgment of the courts below, that former order precluded reliance by the respondent on his Illinois divorce decree in defense of the present proceeding. We reach a different conclusion upon that issue.

When discussion thereof was had on the hearing of the present proceeding, the court remarked that the case had been " reserved generally " on February 9, 1934. The court then said: " When a case is reserved generally it wipes the order out and wipes any arrears out. Unless something had been done since February 9, 1934, there is no order in existence today, and the

question now, I think, is making a new order or we can reinstate that order * * * I think we better make a new order here." Such a new order — the order now appealed from — was made on May 2, 1945. No mention of any earlier order appears therein. The recitals refer only to the petition which initiated the present proceeding and to the testimony taken at the hearing thereof. The direction is that the respondent pay " Ten Dollars weekly, each and every week, beginning on the 3rd day of May, 1945, for the support of the dependent named in the petition." All this, we think, excludes any idea that the respondent is now concluded by the order made in June, 1930, by the former Magistrate's Court. (Cf. *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; Restatement, Judgments, § 68, subd. [2].)

The orders should be reversed, without costs, and the matter remitted to the Family Court for further proceedings not inconsistent with this opinion.

LEWIS, CONWAY, DESMOND and THACHER, JJ., concur; DYE, J., taking no part.

Orders reversed, etc.