Maud Franklin, Petitioner, *v.* Allan Franklin, Respondent.

Domestic Relations Court of the City of New York, Family Court, Bronx County, May 28, 1947.

*Louis Solomon* for petitioner.

*Morris H. Halpern* for respondent.

STITT, J. Petitioner requests maintenance and support in the sum of $25 a week from respondent as his wife. An order of $10 a week made by this court May 2, 1945, was affirmed by the Appellate Division, First Department (269 App. Div. 1012), and reversed by the Court of Appeals and remitted for further proceedings not inconsistent with its opinion (295 N. Y. 431).

The law of this case is settled in its major aspects by *Matter of Franklin* v. *Franklin* (295 N. Y. 431). Pursuant to that decision a further hearing has been had and an order has been made May 28, 1947, adjudging the respondent chargeable with the support of petitioner on a public charge basis only and that the petitioner presently is not likely to become a public charge.

The entitlement of the petitioner to maintenance and support is irrespective of the validity of the Illinois divorce decree obtained by respondent in January, 1930, and rests on the authority of *Esenwein* v. *Commonwealth* (325 U. S. 279, 282–283).

In that case the basic difference between marital capacity and maintenance and support is pointed out. It is conceded here that the petitioner did not appear or consent nor was she personally served in the Illinois divorce action and, therefore, the divorce decree is not entitled to full faith and credit when it comes to maintenance and support.

The Court of Appeals in *Matter of Franklin* v. *Franklin* (*supra*) says that consideration should be given to subdivision 1 of section 137 of the New York City Domestic Relations Court Act (L. 1933, ch. 482), reading as follows: " If the marriage relationship shall have been terminated by final decree of the supreme court of the state of New York or by judgment of any other court of competent jurisdiction, when valid in the state of New York, a petition may be filed or an order for support made or enforced in the family court only for the benefit of a child of such marriage."

This court is of the opinion that the section just quoted does not preclude the petitioner from entitlement to maintenance and support on the ground that the Illinois decree is not valid in the State of New York as severing her right to maintenance and support under the authority of the *Esenwein* case (*supra*).

Both petitioner and respondent agree that their separation, whenever it took place, was voluntary and so the petitioner places herself in the position of being entitled to support on a public charge basis only. (N. Y. City Dom. Rel. Ct. Act, § 137, subd. 5; § 92, subds. [1], [6]; § 101, subd. 1.) The fact that she has received little support from the respondent since the year 1930 would seem to show that she is not likely to become a public charge.

It is assumed that the conclusion of the Court of Appeals that the Illinois divorce decree was entitled to prevail is now *res judicata.* Petitioner's attorney does not agree with this interpretation. At the further hearing petitioner testified fully as to when she and the respondent separated and denied that he had at any time asked her to live with him in Chicago.

Respondent claims to have separated from petitioner and to have gone to Chicago in June of 1926. In his bill of complaint in the Illinois divorce action respondent states that he lived with the petitioner until June 30, 1927. At the further hearing respondent said that this was a mistake. Petitioner says that they parted company in September of 1928. Petitioner's brother-in-law testified that he visited petitioner and respondent in their home at Easter time 1927 and talked with them over the telephone in the same home in New York City, March 15, 1928, when he gave notice of the death of petitioner's mother.

Respondent began his action for divorce in Chicago in August of 1929 and the decree was made the following January. If he took up residence in Chicago in the Fall of 1928, the time that petitioner says their home was broken up, it would fit in with the residential requirement of one year for divorce in Illinois. While he was there respondent lived at various rooming houses and hotels, he says, giving no specific addresses. He has always worked as a solicitor for trade journal advertising and travels extensively. While he was employed in Chicago, his territory was Cleveland, Cincinnati and New England and he was in New York City many times. Early in 1930 he returned to New York City, the occasion being, he states, the dissolution of the Chicago concern he was employed by.

In 1930 or 1931 respondent married again; about ten years later his second wife divorced him; he again married and his third wife died about 1944; again he married and states that he now lives with fourth wife. He is presently employed as advertising solicitor on a commission basis with a drawing account of $85 a week.

In the interest of a complete record, if it should be found upon review that the question of domicile, as it affects the right of the Illinois divorce decree to be accorded full faith and credit in the State of New York, may still be litigated this court would again find that there was no bona fide domicile in the State of Illinois and that the divorce decree is not valid in this State. (*Williams* v. *North Carolina,* 325 U. S. 226; *Matter of Newcomb,* 192 N. Y. 238, 250; *Matter of Lindgren,* 293 N. Y. 18.)