JOSEPHINE CAGLIUSO, Plaintiff, v. VINCENT CAGLIUSO, Defendant.

Supreme Court, Special Term, Queens County, March 23, 1949.

*William C. Cain* for plaintiff.

*Raphael H. Rhodes* for defendant.

HALLINAN, J. Action for divorce. The parties were married on August 23, 1922, in the State of New Jersey. One child was born of this marriage, now twenty-four years of age.

In an action brought by the defendant herein against the plaintiff, in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, the defendant herein obtained a final decree of divorce against the plaintiff, dated October 23, 1928. On November 22, 1930, he remarried in the State of New Jersey. Three children were born of this marriage; the eldest is now approximately seventeen, the next is approximately four, and the youngest three years of age.

Contending that the Nevada decree of divorce obtained by the defendant is not entitled to recognition by the courts of this State, it is the position of the plaintiff that the defendant's second marriage was void and his living together with his present wife adulterous.

In December, 1942, the United State Supreme Court in *Williams* v. *North Carolina* (317 U. S. 287) held that when a court of a State, acting in accordance with the requirements of procedural due process, alters the marital status of one domiciled in that State by granting him a divorce from his absent spouse, such a decree is not to be excepted from the mandate of the full faith and credit clause of the Federal Constitution merely because its enforcement or recognition in another State would conflict with the policy of the latter. Thus, a decree of divorce of a sister State, even where predicated upon constructive service, was held to be entitled to presumptive recognition. In *Matter of Holmes* (291 N. Y. 261) the Court of Appeals of this State held that such a decree of divorce was entitled to recognition as a judgment in rem dissolving a marriage "until impeached by evidence which establishes that the court had no jurisdiction over the *res.*" Then followed the second Supreme Court decision in *Williams* v. *North Carolina* (325 U. S. 226) on May 21, 1945. There it was held that the domicile of one spouse within a State gave the courts of that State the power to dissolve a marriage wheresoever contracted, "but only if the court of the first State had power to pass on the merits — had jurisdiction, that is, to render the judgment." *Matter of Franklin* v. *Franklin* (295 N. Y. 431), decided on July 23, 1946, held, at page 434, that the burden of proof rested upon the spouse attacking the divorce of a sister State " to overthrow the apparent jurisdictional validity of the * * * divorce decree by disproving his intention to establish a domicile in that State. Since no such rebuttal was attempted by her or in her behalf, the

\* \* \* decree—though it stood alone — was entitled to prevail.''

I find from the present record that the plaintiff has wholly failed to disprove the defendant's intention to establish a domicile in Nevada at the time he moved to such State, or that the divorce he obtained in its court was jurisdictionally defective. Moreover, even if the defendant's Nevada decree were held not to be entitled to recognition *as a matter of right*, it is under the facts and circumstances here presented entitled to recognition as a matter of *comity*, just as would a decree of a foreign country be entitled to recognition in a situation such as is here presented (*Heller* v. *Heller*, 285 N. Y. 572).

The complaint is, accordingly, dismissed on the merits without costs and the application for an additional counsel fee, the determination of which was reserved by Special Term for the trial court, denied.

Settle judgment on notice.