AMEDEO M. DE LUCA, Appellant, v. SOPHIE Z. DE LUCA, Respondent.— In an action for divorce, plaintiff appeals from a judgment dismissing his complaint after trial before an Official Referee, except from so much thereof as withholds costs to either party. Judgment, insofar as appealed from, unanimously affirmed, without costs. The decree which respondent procured in Connecticut, granting her a divorce from appellant, prior to the commencement of the instant action, was entitled to full faith and credit if she was a bona fide domiciliary of Connecticut at the time of the granting of that decree, even though process in the Connecticut action was served on the appellant constructively. (*Williams* v. *North Carolina*, 317 U. S. 287; *Dalton* v. *Dalton*, 270 App. Div. 269; *Ratkowsky* v. *Ratkowsky*, 278 App. Div. 847.) The Connecticut decree is presumptively valid. (*Matter of Franklin* v. *Franklin*, 295 N. Y. 431, 434; *Matter of Holmes*, 291 N. Y. 261, 273.) Although it may be impeached by evidence sufficient to establish that the granting court had no jurisdiction because of respondent's lack of domicile in Connecticut (*Williams* v. *North Carolina*, 325 U. S. 226; *Matter*

*of Franklin* v. *Franklin, supra; Matter of Holmes, supra; Dalton* v. *Dalton, supra; Selkowitz* v. *Selkowitz,* 272 App. Div. 1071; *Axelrod* v. *Axelrod,* 277 App. Div. 1053; *Rose* v. *Rose,* 277 App. Div. 1137; *Ratkowsky* v. *Ratkowsky, supra*), the burden was upon appellant (*Williams* v. *North Carolina,* 325 U. S. 226, 233–234, *supra; Matter of Franklin* v. *Franklin, supra*). In our opinion appellant failed to overcome the burden of establishing lack of jurisdiction of the Connecticut court to grant its decree. The undisputed proof was that respondent first came to reside in New Rochelle, New York, at the age of sixteen years, after having resided with her parents in New Haven, Connecticut; that she came to New Rochelle on a visit to a relative early in 1944, met and married appellant shortly thereafter and lived with him in New Rochelle until November of 1946, when she left him and returned to New Haven, Connecticut, and there established a home for herself and the child of the parties; and the Connecticut decree was not rendered until June 30, 1948, more than one and a half years after her return to Connecticut. Present — Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ.