LENA MASCIOLI, Appellant, v. DOMINICK MASCIOLI, Respondent.— In an action for a judgment declaring that appellant is respondent's lawful wife and that the foreign divorce obtained by respondent is invalid and of no force and effect, the appeal is from so much of an order as denies appellant's motion to strike out three affirmative defenses, pursuant to rule 103 of the Rules of Civil Practice, and as denies her motion for an allowance to prosecute the action, pursuant to section 1169-a of the Civil Practice Act, without prejudice to the renewal thereof before the trial court. Order modified by striking from the first ordering paragraph everything following the words "in all respects" and by substituting therefor the words "granted, and it is further." As so modified, order affirmed, with $10 costs and disbursements to appellant. The only question before the court is respondent's domicile and bona fide residence in the State of Arkansas. The burden of overthrowing the apparent jurisdictional validity of respondent's foreign decree by disproving his intention to establish a domicile in that State is solely on appellant. The affirmative defenses are sham and frivolous. (*Matter of Franklin* v. *Franklin,* 295 N. Y. 431, 434; *Williams* v. *North Carolina,* 325 U. S. 226; *Esenwein* v. *Commonwealth,* 325 U. S. 279.) Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur. [See *post,* p. 833.]

VIOLA B. McANDREWS et al., Respondents, et al., Plaintiff, v. NASSAU COUNTY et al., Appellants.— In an action to recover damages for personal injuries sustained by respondent Edward P. McAndrews, by his wife, respondent Viola B. McAndrews, by his daughter, plaintiff Rose Marie McAndrews, and by respondent Edward P. McAndrews for medical expenses and loss of services incidental to his wife's injuries, the jury rendered a verdict in favor of the wife for $15,000, in favor of her husband for $1,000 for his personal injuries and $500 for medical expenses and loss of services, and in favor of plaintiff for $500. The court set aside, as inadequate, the verdict in favor of the wife and set aside the verdict of the husband for medical expenses and loss of services, although no motion was made to do so, on the ground that a recovery in his action is dependent upon a recovery in the wife's action, and severed the actions. The appeal is from the order insofar as it sets aside the verdicts. Order unanimously affirmed, with costs. A review of the undisputed evidence as to the nature and extent of the wife's injuries affords no reason for disturbing the conclusions reached by the trial court in the exercise of its discretionary powers. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.