## (February 14, 1956)

■ LENA MASCIOLI, Appellant, v. DOMINICK MASCIOLI, Respondent.— Motion for reargument denied, without costs. On the court's own motion, the decision handed down January 9, 1956, is amended to read as follows: In an action for a judgment declaring that appellant is respondent's lawful wife and that the foreign divorce obtained by respondent is invalid and of no force and effect, the appeal is from so much of an order as denies appellant's motion to strike out three affirmative defenses, pursuant to rule 103 of the Rules of Civil Practice, and as denies her motion for an allowance to prosecute the action, pursuant to section 1169-a of the Civil Practice Act, without prejudice to the renewal thereof before the trial court. Order modified by striking from the first ordering paragraph everything following the words " in all respects " and by substituting therefor the word " granted ". The order is further modified by striking therefrom the second ordering paragraph and by substituting therefor a provision that appellant be awarded a counsel fee of $350, without prejudice to an application to the trial court for a further allowance, if so advised. As so modified, order affirmed, with $10 costs and disbursements to appellant. The only question before the court is respondent's domicile and bona fide residence in the State of Arkansas. The burden of overthrowing the apparent jurisdictional validity of respondent's foreign decree by disproving his intention to establish a domicile in that State is solely on appellant. The affirmative defenses are sham and frivolous. (*Matter of Franklin* v. *Franklin*, 295 N. Y. 431, 434; *Williams* v. *North Carolina*, 325 U. S. 226; *Esenwein* v. *Common-*

*wealth,* 325 U. S. 279.) As the defenses have been struck out on appeal, the appellant is entitled to the allowance made herein. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur. [See *ante,* p. 779, and *post,* p. 905.]