Arthur D. Brennan, J.
In this action hrong’ht by the plaintiff husband for an annulment on the ground that at the time of the marriage between the parties hereto, the former husband of the defendant wife was living and that said former marriage was in full force and effect, the defendant moves to dismiss the complaint for legal insufficiency. The subject complaint does not confine itself to the bare allegations required under section 1134 of the Civil Practice Act, but seeks to anticipate an affirmative defense to the effect that prior to her present marriage, the wife had obtained a divorce against her former husband. In so doing, the complaint alleges that such a prior divorce was obtained and then, by way of an anticipatory reply, the complaint alleges, in paragraph “Seventh” thereof that said prior divorce “is of no force and effect” and “is ineffectual to dissolve ” the prior marriage.
The prior divorce obtained in a sister State, as alleged in the complaint, must be recognized by our courts as a valid judgment dissolving the marriage of the parties thereto until its nullity has been established by competent evidence. (Williams v. North Carolina, 325 U. S. 226; Esenwein v. Commonwealth, 325 U. S. 279; Matter of Franklin v. Franklin, 295 N. Y. 431; Matter of Holmes, 291 N. Y. 261; Axelrod v. Axelrod, 277 App. Div. 1053.) In this court’s view the allegations contained in paragraph ‘ ‘ Seventh ’ ’ of the complaint are conclusory and, as the plaintiff concedes, allegations of such a character are a nullity and should be disregarded. There is no objection to pleading the prior divorce in the complaint, if the plaintiff desires to do so, but in such event, the same should be followed by ultimate facts from which it will appear that the said divorce was and is invalid. In the opening paragraph of his brief submitted in opposition to this motion, plaintiff’s counsel asserts that when the defendant wife obtained her prior divorce, she was not a bona fide domiciliary of Maryland but was, in fact, a resident of New York State; that her former husband was then also domiciled in New York State; and it is inferred that said former husband was not served personally in Maryland and that he did not appear or answer in the divorce action which the defendant *319 wife brought in Maryland. However, these facts are not alleged in the complaint.
Accordingly, the motion to dismiss the complaint is granted but with leave to serve an amended complaint herein, if the plaintiff be so advised, such amended complaint to be served within 20 days following the service of a copy of the order to be entered hereon with notice of entry thereof.
In view of the above dismissal of the complaint, the remaining three motions by the defendant and the single motion by the plaintiff will not be entertained.
Settle order on notice.