Harry B. Frank, J.
This is an action for divorce brought by the plaintiff husband. The defendant pleads as an affirmative defense a final decree of divorce granted to her against the plaintiff by the courts of the State of Florida on December 26, 1956, as a complete bar to this action.
The court deferred the taking of testimony on the issue of adultery alleged by the plaintiff to have taken place in February, 1957, pending its determination on the question of the validity *882 of the Florida decree. Evidence was presented with regard to the jurisdictional facts going to the issue of the defendant wife’s domicile.
The Florida judgment is entitled to full faith and credit in this State (Williams v. North Carolina, 317 U. S. 287) and is presumptively valid (De Luca v. De Luca, 284 App. Div. 987, citing Matter of Franklin v. Franklin, 295 N. Y. 431, 434; Matter of Holmes, 291 N. Y. 261, 273). However, the decree may be impeached by evidence sufficient to establish that the granting court had no jurisdiction because of defendant’s lack of domicile (De Luca v. De Luca, supra and cases cited therein). Or stated another way, the judgment is entitled to full faith and credit in this State (Williams v. North Carolina, 317 U. S. 287), “ unless the proof adduced by [plaintiff] satisfies the court of this State that the proof of domicile was false and constituted a fraud upon the court where the divorce decree was obtained. (Williams v. North Carolina, 325 U. S. 226, 229, 232; Matter of Holmes, 291 N. Y. 261, 272; Matter of Franklin v. Franklin, 295 N. Y. 431 ; Selkowits v. Selkowitz, 272 App. Div. 1071; Rose v. Rose, 277 App. Div. 1137.) ” (Aspromonte v. Aspromonte, 4 A D 2d 689.)
The burden of undermining the divorce decree ‘1 rests heavily upon the assailant” (Williams v. North Carolina, 325 U. S. 226, 234) and the burden is upon the plaintiff to overthrow the apparent jurisdictional validity of the defendant’s Florida divorce decree by disproving her intention to establish a domicile in that State. (Matter of Franklin v. Franklin, 295 N. Y, 431, 434.) The court was impressed by the candor of the defendant and accepts her testimony both as to credibility and veracity.
The facts adduced indicate that the defendant, Claire Schumer, left New York State for Florida in July, 1956, after having lived separate and apart from the plaintiff husband for several months. It is true that when she left her furniture remained in the apartment formerly occupied by her at 114 Bay 26th Street, Brooklyn, New York. However, I am satisfied that the apartment was for the use of her older daughter, Loretta, and the younger daughter, Alice, who remained behind, particularly since Loretta was 18 years of age and self-supporting. Futhermore, Loretta’s name appears, together with Mrs. Schumer, the defendant herein, on the lease agreement for the apartment at 114 Bay 26th Street, which lease term extended from January 20, 1956 to January 19, 1959. The testimony of Mr. Grande, the landlord of the apartment house, subsequently corroborates the fact that after July, 1956 until early 1957 Mrs. Schumer, the defendant herein, was not present on those premises and that Loretta remained there and paid the rent therefor.
*883 Mrs. Schumer was accompanied to Florida by her two younger children, Bonnie and Martin, and was joined later by Alice, her 17-year-old-daughter. All three children were enrolled in Florida schools and the defendant joined the P. T. A. They resided in a three-and-one-half-room furnished apartment until November, 1956, when they moved to a larger apartment, for which the defendant entered into a lease agreement which extended to March 18, 1957. During this period the daughter Alice became engaged to a Floridian resident.
An action for divorce was instituted by the defendant against the plaintiff in Florida. The plaintiff husband was served by publication according to the Florida statute, and did not appear in that action. A final decree of divorce was entered on December 26, 1956 in Dade County, Florida. It is admitted by the plaintiff husband herein that he received a copy of the bill of complaint and procured a copy of the final decree of divorce from the Florida court.
While the defendant returned to New York shortly after the entry of the final decree, a reasonable explanation has been offered therefor, which the court accepts. She returned to make preparations for the wedding of her daughter Alice, which subsequently took place, and while in this State for that purpose she was served with-the summons and complaint in the within action and has remained here for the purpose of defending this action and completing the litigation thereof.
I am of the opinion that the defendant had a bona fide domicile in the State of Florida at the time she commenced her divorce action against her husband Jonas. She had been residing there for six months at the time of the entry of her Florida decree. She had entered her children in the Florida schools and had not only rented an apartment there but entered into a lease agreement in November, 1956, extending to March, 1957. As previously indicated, on the issue of defendant’s residence in the State of Florida the burden of proof is on the plaintiff herein to establish nonresidence (see Matter of Franklin v. Franklin, 295 N. Y. 431; Lebensfeld v. Lebensfeld, 157 N. Y. S. 2d 678). The plaintiff has not met the burden of establishing defendant’s nonresidence in Florida to my satisfaction.
Therefore, the court concludes that the defendant in this action, Claire Schumer, was a bona fide domiciliary of Florida at the time she obtained her final decree of divorce in that State, and the court further determines that the Florida decree obtained by the wife is a valid one and gives full faith and credit to that divorce decree.
*884 Accordingly, the court finds that defendant is no longer the wife of the plaintiff herein and judgment is to be entered in favor of the defendant dismissing the complaint. The case is set down for February 5, 1958 for hearing and taking testimony on the question of alimony and counsel fees.