Van Voorhis, J.
Respondent husband appeals from an order affirming an order of the Family Court directing bim to pay fo.r his wife’s support, not on the ground that she is liable to *494 become a public charge, but on a “ means ” basis. The Appellate Division held that the fact that husband and wife were living separately by mutual consent did not relieve him of his duty to support her, and to pay a fair and reasonable sum, having due regard to the circumstances of the parties, by reason of the change in the law effectuated by section 236 of the Domestic Relations Law. The question is whether, under these circumstances, the Family Court has jurisdiction to compel him to pay more than is necessary to prevent her from becoming a public charge. The appellant argues that section 236 of the Domestic Relations Law is not applicable to proceedings in the Family Court but only to matrimonial actions in the Supreme Court; that where husband and wife separate by mutual consent without any subsequent offer in good faith by the wife to return and resume the marital status, the wife is not entitled to an order of support ona“ means ’ ’ basis in the Family Court even though under section 236 the Supreme Court might have made her such an award as the losing party in an action for annulment, separation or divorce.
There is no doubt that under sections 1140-a, 1155, 1164, 1169, 1170 and 1170-b of the former Civil Practice Act the Supreme Court was powerless to order the payment of alimony to a wife who had been defeated in a matrimonial action, except where the husband succeeded in having the marriage annulled, in which event section 1140-a of the Civil Practice Act granted discretion to the court to make such direction for the support of the wife as justice requires (Ceva v. Ceva, 271 App. Div. 449, affd. 297 N. Y. 484; Johnson v. Johnson, 295 N. Y. 477). It was the undoubted and unvarying rule that where, in an action in the Supreme Court, a wife had failed to succeed on a cause of action prosecuted by her for divorce, separation or annulment she could not get alimony. If she were not to be defeated in prosecuting a cause of action for - separation upon the ground that thejr were living separately by mutual consent, she had.-first to establish an offer made in good faith upon her part to return to his bed and board (Batchelor v. Batchelor, 295 N. Y. 544; Solomon v. Solomon, 290 N. Y. 337, 340-341; People ex rel. Roosevelt v. Roosevelt, 13 A D 2d 334, affd. 11 N Y 2d 873).
Because of this rule in the Supreme Court, the same limitation of jurisdiction was recognized in applying section 101 (subd. 1) *495 of the Domestic Relations Court Act of the City of New York, which was the progenitor of section 412 of the present State Family Court Act, that is the basis for the jurisdiction of the Family Court in this instance. Its language, following closely that of the former statute mentioned, is: “A husband is chargeable with the support of his wife and, if possessed of sufficient means or able to earn such means, may be required to pay for her support a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties.”
The similarly broad language of the predecessor statute has been regarded, in proper cases, as conferring ‘ ‘ the power to order support of a wife irrespective of whether she is likely to become a public charge.” (18 Carmody-Wait, New York Practice, p. 647, § 46.) Neither the present Family Court nor the former Family Court Division of the New York City Domestic Relations Court is or was authorized to decide matrimonial actions but, in determining what are proper cases in which to order support of a wife on a “ means ” basis, they have been accustomed to apply similar standards of judgment to those which would guide the Supreme Court in awarding alimony under the same circumstances.- Thus in “ Thomas ” v. “ Thomas ” (131 N. Y. S. 2d 290, 291), it was decided by the Family Court Division of the Domestic Relations Court in New York County that ‘ ‘ Under the law, a woman is entitled to support from her husband on the basis of means if, either actively or constructively, he abandoned his wife ’ ’ but the court held that it could not find ‘ ‘ that there has been an abandonment by the respondent of the petitioner ” nor that “ there was, from the evidence in the case, conduct on the part of the respondent which would warrant this Court in its finding that it was no longer possible for her to live with him ox that it was unsafe to her life and limb to continue to live with him.” In Klein v. Klein (87 N. Y. S. 2d 293) the same court exercised jurisdiction to decide whether there had been constructive abandonment. In “ Ferraro ” v. “ Ferraro ” (192 Misc. 484, 489) the Family Court Division in Kings County found that the husband had left the wife ‘ ‘ without just cause ” and was, therefore, chargeable for hex support. The court also found the existence of a valid marriage. In “ Fitzgerald ” v. “ Fitzgerald ” (65 N. Y. S. 2d 285) the same court, *496 Bronx County, held to the same effect. These grounds, which actuated the New York City Domestic Relations Court in granting or withholding support ona“ means ’ ’ basis, all parallel the grounds which would have actuated the Supreme Court in granting or denying similar support in an action for a separation.
The rule that living apart by consent without offer to return bars support on a “means” basis was not specified in the Domestic Relations Court Act. It was applied in the Family Court Division in New York City for the reason that it had been originated and applied by the Supreme Court under its statutory authority to decide matrimonial actions. The Family Court Division applied the Supreme Court rule regarding living separately by consent as bearing upon whether there had been an abandonment, for the same purpose that it applied other Supreme Court criteria of what constitutes abandonment or whether either party to the marriage had left the other ‘ ‘ without just cause.” Abandonment affected whatever support was to be awarded.
It is clear that under the decisions previously cited the Supreme Court had no power to grant alimony under the circumstances presented here until the enactment of section 236 of the Domestic Relations Law effective September 1, 1963. For that reason the Family Court Division of the New York City Domestic Relations Court followed the same rule in not awarding support beyond what was necessary to prevent the wife from becoming a public charge. Thus in “ Vignoni ” v. “ Vignoni ” (57 N. Y. S. 2d 631, 632) it ruled: “ In view of the aforesaid judgment, the parties’ subsequent continuous living apart by mutual consent, and the absence of any timely offer to resume living together (cf. Solomon v. Solomon, 290 N. Y. 337, 340 * * *), petitioner has not shown herself entitled.to support according to respondent’s ‘ means and station in life ’ [citing cases]. So, respondent’s only obligation is the lesser one of indemnifying the community against the burden of her support as a public charge [citing cases].” Other decisions in the Domestic Relations Court to the same effect are Rosa v. Rosa (275 App. Div. 1050, decision adhered to on rearg. 276 App. Div. 1017); “ Zunder ” v. “ Zunder ” (187 Misc. 557); “ Kenneson ” v. “ Kenneson ” (178 Misc. 832); Franklin v. Franklin (189 Misc. 442).
*497 Since the Family Court Division had taken its cue from the Supreme Court by imposing the same limitation on its power to grant support on a “ means ’ ’ basis to which the Supreme Court had subjected itself in matrimonial actions prior to the enactment of section 236 of the Domestic Relations Law, it naturally and correctly decided that this restriction was removed from both courts by this amendment to the Domestic Relations Law in 1963. The new section changed the law by providing that in any action or proceeding “ brought (1) during the lifetime of both parties to the marriage to annul a marriage or declare the nullity of a void marriage, or (2) for a separation, or (3) for a divorce, the court may direct the husband to provide suitably for the support of the wife as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties * * * Such direction may be made notwithstanding that the parties continue to reside in the same abode and notwithstanding that the court refuses to grant the relief requested by the wife (1) * * * or (2) by reason of the misconduct of the wife, unless such misconduct would itself constitute grounds for separation or divorce, or (3) by reason of a failure of proof of the grounds of the wife’s action or counterclaim.”
It is true that the language of section 236 technically renders it applicable only to any action or proceeding brought ‘ ‘ for annulment, separation or divorce,” but the section determines the public policy of the State, and thus changes the policy previously established in matrimonial actions in the Supreme Court, which had been projected into the Domestic Relations Court. The public policy of the State is what the Legislature says it is, where the Legislature has spoken, and a policy so declared sometimes has to be followed by the courts in areas beyond the express reach of the statute for the sake of consistency in the administration of the law (cf. Michalowski v. Ey, 4 N Y 2d 277, 282; Schuster v. City of New York, 5 N Y 2d 75, 86). No power is being exercised or attempted here by the Family Court to grant or withhold divorces, separations or annulments if, in deciding whether to order support on a “means” basis, the Family Court merely examines and makes bindings for its own authorized purposes of facts which would be germane to matri *498 monial actions, which, domestic relations courts have been accustomed to do in ruling on questions of support.
In affirming the order in St. Germain v. St. Germain (16 N Y 2d 764, 765) we stated that “ We do not reach the interpretation or applicability of section 236 of the Domestic Relations Law.” We do reach these questions now, and adopt the language of the Second Department in St. Germain (23 A D 2d 763) that ‘ ‘ In any event, it is our opinion that the underlying basis for such pre-1963 decisions as Batchelor v. Batchelor (295 N. Y. 544) and People ex rel. Roosevelt v. Roosevelt (13 A D 2d 334, 337, affd. 11 N Y 2d 873) was the husband’s then nonliability for support of a wife who chose to live apart from him; that the enactment of section 236 of the Domestic Relations Law (eff. Sept. 1, 1963) in effect eliminated the husband’s nonliability for support on that ground and thus removed the basis for those pre-1963 holdings; that those decisions consequently are no longer binding precedents on the question whether a wife may be entitled to a separation judgment on the ground of nonsupport where she and her husband are living apart by mutual consent; and that now, by reason of the enactment of said section 236, the wife is no longer precluded from obtaining a judgment of separation in her favor for nonsupport, despite their prior consensual separation.”
In Brownstein v. Brownstein (25 A D 2d 205), the First Department applied section 236 of the Domestic Relations Law to a situation where the husband and wife were living separately by mutual consent, although indicating, wisely it may be, that discretion in granting support in such situations should be critically exercised.
We conclude that the language of section 236 of the Domestic Relations Law is broad enough to authorize the Supreme Court to compel a husband to support a wife who has been defeated in prosecuting a separation action because of an agreement of the spouses to live separate and apart without, herself, offering to resume marital relations; and that this section applies to the Family Court so as to authorize it under section 412 of the Family Court Act, where it has jurisdiction, to award support on a “ means ’’basis, where they are living apart by mutual consent.
The order appealed from should be affirmed, with costs.
*499 Chief Judge Desmond and Judges Fuld, Burke, Bbegan and Keating concur with Judge Van Voorhis; Judge Scileppi dissents and votes to reverse upon the dissenting opinion at the Appellate Division.
Order affirmed.