Liston F. Coon, J.
In this proceeding for support under article 4 of the Family Court Act there is no issue as to respondent’s being chargeable with the support of his wife, the petitioner.
The basic question to be answered in guiding the court’s determination in fixing the amount of support is, “ Does the amendment to Domestic Relations Law, section 236, by chapter 699 of the Laws of 1968, apply to Family Court? ”, in the light of Matter of Steinberg v. Steinberg (18 N Y 2d 492).
This amendment provides that in a matrimonial action the court may, in fixing the support of a wife, consider the length of time of the marriage and the ability of the wife to be self-supporting, a hitherto unspecified concept. At the same time the *361 Legislature failed to apply a similar criterion to section 412 of the Family Court Act.
In Matter of Steinberg v. Steinberg (supra) it was held that section 236 applies to Family Court to the extent that a support award to a wife may be based upon the “ means ” test, even though husband and wife are living apart by mutual consent. Formerly under the Domestic Relations Court Act of the City of New York wives in similar circumstances were held to be entitled only to such support as would prevent them from becoming public charges. (“ Vignoni ” v. “ Vignoni ”, 57 N. Y. S. 2d 631; Franklin v. Franklin, 189 Misc. 442.)
It is arguable that if section 236 is applicable to the Family Court for purpose of the “ means ” test, then the 1968 amendment should also be applicable as affording additional criteria to Family Court support proceedings. On the other hand, can it not be argued that the Legislature in amending section 236, and with presumed knowledge of Steinberg (decided Dec. 29, 1966), would have similarly amended section 412 of the Family Court Act if it had meant the new criteria to so apply.
An argument could be made, it would seem, that a wife’s position was elevated through judicial direction by cross application of the “means” test and to now apply the new tests applicable to matrimonial actions to support proceedings, such as this one, in Family Court would tend to undermine the prior advance.
However, to apply realistic standards to present day situations does not seem inappropriate. The economic status of the married woman in our society is continually being enhanced. A high precentage of wives are now part of the labor force. Laws continually add advantageously to woman’s equality to man in employment opportunity, parity in compensation and improved working conditions. As Mr. Justice Botein wrote in Phillips v. Phillips (1 A D 2d 393, 395): “ The position of the wife has changed, however. Her role as a frail, sheltered, ineffectual person — if ever authentic — is as much a thing of the past as her crinoline and whalebone.”
Similarly, there is an observable trend of rising divorce rates and extensive relaxation of the grounds therefor, as in the case of changes in the divorce statute of this State. At the same time one observes a shortening of the duration of the marriage contract and cohabitation.
In supporting the recent amendment to section 236 the Joint Legislative Committee on Matrimonial and Family Laws stated: “ It appears from the reported cases on this subject that the courts have not given due consideration to the length of time of *362 the marriage and the ability of the wife to be self-supporting. It is a fact of current economic life that many women possess the ability to be self-supporting and, whenever possible, this fact should be taken into consideration in establishing support requirements.” (McKinney’s Session Laws of New York, 1968, p. 2307.)
Despite the confusion which exists with respect to the legislative intent concerning the amendment to section 236, the court finds that the newly established criteria apply to the Family Court in appropriate cases. In Matter of Steinberg v. Steinberg (supra, p. 497) the Court of Appeals said: “ The public policy of the State is what the Legislature says it is, where the Legislature has spoken, and a policy so declared sometimes has to be followed by the courts in areas beyond the express reach of the statute for the sake of consistency in the administration of the law ”.
The evidence in this proceeding discloses that the parties were married on August 19,1967 and separated by mutual consent on May 15,1968. During a period of this time, petitioner was visiting at the out-of-State home of her parents. There is no issue of the marriage.
Respondent is a high school science teacher, has tenure, earns a substantial salary with additional compensation as staff head and for coaching abilities. Petitioner, who is 28, has had one year of college, is a trained and experienced business secretary, and prior to the marriage worked in such capacity for a number of years.
Based upon the duration of cohabitation during this marriage, the ability of the wife to be self-supporting and having due regard to the circumstances of the respective parties, an appropriate order of support will issue consistent with this decision.