■ In the Matter of JANICE E. D'ANDREA, Appellant, v RICHARD A. D'ANDREA, Respondent.—In a support proceeding on behalf of petitioner and her two children of a prior marriage, petitioner appeals from an order of the Family Court, Nassau County, entered May 20, 1975, which dismissed her petition. Order reversed, on the law and the facts, without costs, petition reinstated, and petitioner is awarded support for herself in the amount of $100 per week. There was no evidence in the record on this appeal to support the Family Court's finding that petitioner, as opposed to her children, wanted respondent out of the house and that she was, therefore, not entitled to support from her husband, who had moved out of the marital abode. Petitioner candidly admitted that the relationship between respondent and her two teen-age sons was very strained, but said she wanted to try to work out the problem. Respondent, aged 46, knew when he married petitioner, aged 38, that she had two sons who would be living with them. We believe that he should have realized that teen-age boys might have problems adjusting to an adult male figure entering the family unit and should have made allowance therefor. In short, there was evidence that respondent might well have felt uncomfortable in the home, but there was no evidence that the discomfort was caused by petitioner or her actions. There was no evidence of actions by petitioner which should deprive her of support (cf. *Matter of Glover v Glover,* 64 Misc 2d 374). Further, there was no evidence, contrary to the finding of the Family Court Judge, that respondent voluntarily supported petitioner after the divorce or annulment he had sought was denied. In fact, respondent admitted giving her no support, other than paying a one-time clothing bill, and admitted that he had sold the marital abode upon which he had been paying the carrying charges and in which petitioner and her children were living. Petitioner is entitled to support of $100 per week under her current circumstances. The children of her previous marriage are not entitled to support from respon-

dent. Rabin, Acting P. J., Margett, Christ and Shapiro, JJ., concur; Latham, J., dissents and votes to affirm the order.